## Merchants National Bank of New Bedford and/or The Bay Bank Merchants, its successor v. Patricia A. Considine

[377 A.2d 1390]

No. 258-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed September 12, 1977

*Garfield H. Miller* and *Marguerite R. Shreve* of *Black & Plante,* White River Junction, and *Julius Thannhauser* and *Steven J. Weinstein* of *Cohn, Riemer & Pollack,* Boston, Massachusetts, for Plaintiff.

*Thomas P. Wright* and *David W. Reeves,* Woodstock, for Defendant.

**Billings, J.** This is an appeal from the denial of a motion for relief from a judgment entered by default in a mortgage foreclosure proceeding in Windsor Superior Court. V.R.C.P. 60(b).

In 1971 the appellant and her husband executed a mortgage note for $55,000 to the then Merchants National Bank of New Bedford, Massachusetts. The purpose of the loan was to finance the construction of a dwelling in Barnard, Vermont. The property was deeded solely in the name of the appellant.

In 1975 the mortgage note became delinquent. A demand notice was sent to the couple by certified mail at their Massachusetts address. The husband signed for receipt of the letter. Subsequently, the bank initiated foreclosure proceedings. V.R.C.P. 80.1. Personal service of the summons and complaint was made by a deputy sheriff at the couple's Massachusetts dwelling; the personal service was effected for

both by hand delivery of the documents to the husband. V.R.C.P. 4(d)(1).

Neither the appellant nor her husband appeared in the foreclosure action. A default judgment was entered on October 17, 1975. No redemption was made within the six months period. V.R.C.P. 80.1(d); 12 V.S.A. § 4528. At a later date, the appellant learned of the mortgage problems and sought to redeem or make some other accommodation with the bank. These efforts were unsuccessful and culminated in the present proceedings seeking relief from the default judgment.

■ The trial court issued two orders pursuant to the two motions for relief from judgment. While the orders are not styled in the usual manner of findings of fact and conclusions of law, they appear to set forth findings explaining the denial of the motions. Previously, we have not held that findings of fact are necessary in a Rule 60(b) motion. See V.R.C.P. 52(a). In *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463 (1974), we stated the general purpose of findings, *i.e.*, "to make a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached." In the light of the purposes of V.R.C.P. 60(b) and particularly subsection (6), which addresses the broadest equitable discretion of the court, we believe that this practice is commendable, particularly where, as here, there has been a hearing on the evidence. 7 Moore's Federal Practice ¶ 60.28, at 412 (2d ed. 1975).

Appellant's claim for relief was primarily based upon an allegation that she had no actual notice of the foreclosure proceedings because her husband had withheld from her all the documents relating to the matter and because he managed the family finances. The bank claims that the service as shown in the return was made on the appellant, "by leaving with him [David F. Considine] as husband service for Patricia Ann Considine" and constitutes adequate notice pursuant to V.R.C.P. 4(d)(1). This manner of *return* does not conform to the rule, but the appellant in oral argument conceded, albeit erroneously, that it complied with V.R.C.P. 4(d)(1), and for the purpose of this appeal, this error was waived. V.R.C.P. 12(g).

In its first order, the trial court stated that the appellant *"may not* have had personal knowledge of the foreclosure complaint..." (emphasis added). In its second order, the trial

court seems to discount appellant's interest in the property even though she holds the record title, by its description that her interest was for "liability purposes" only. The court apparently concludes that this militates against her claim for equitable relief based upon lack of notice. A review of the transcript below shows that *all* the evidence about notice supports her contention that she lacked actual knowledge or notice. The parties have directed considerable attention to this issue and whether Rule 60(b)(6) should be applied upon these facts. But because of a lack of clarity in the findings, we do not reach this issue, but remand the cause for hearing in order that adequate findings may be made.

Further, it appears that the appellant has not pleaded her offer of redemption in her prayer for relief although there is testimony of her belated offer to the bank in that regard, and, in the interest of equity on remand, the appellant should be entitled to so amend her petition if she be so advised.

■ The burden of proof in a Rule 60(b) motion is upon the moving party. We are unable to determine appellant's claim of abuse of discretion since the findings of the trial court are equivocal and inadequate for the purposes of review. *Wells* v. *Village of Orleans, Inc., supra.*

*Reversed and remanded with permission on the part of the appellant to amend her complaint if she be so advised and for a new hearing consistent with the views expressed herein.*