# Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc.

[431 A.2d 457]

No. 456-79

Present: Larrow, Billings, Hill and Underwood, JJ., and
Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

Motion for Reargument Denied April 28, 1981

*Fink and Birmingham, P.C.,* Ludlow, for Plaintiff.

*David F. Buckley,* Bellows Falls, for Defendant.

**Larrow, J.** In 1975 Okemo Trailside Condominiums, Inc., executed and delivered to Okemo Mountain, Inc., a promissory note for $15,000.00. The note provided for semi-annual payments over two and one-half years. The note also provided in the event of default that the balance of the note would become due along with interest, costs and attorney fees.

Trouble developed when the second payment became due. The defendant, Trailside, claimed an offset for certain property damage caused by the alleged failure of the plaintiff, Okemo Mountain, to maintain a culvert properly. The defendant subtracted the amount claimed for damage from the amount of its second payment. The plaintiff refused to accept the reduced amount and commenced an action to recover upon the note. The defendant then paid the whole amount of the second payment and maintained its property damage claim as a counterclaim.

Settlement negotiations ensued. During the course of these negotiations the president of the defendant sent a letter to the plaintiff which proposed a plan for the extinguishment of the note. In brief the proposal was for the defendant to convey a specified parcel of land, cash in the amount of $2,500.00, and to give up its counterclaim for damages in return for extinguishment of the note. The president of the plaintiff indicated a willingness to accept these terms, but added that there should be an exchange of general releases. No response was made to this proposal for ten months. Following a change in the plaintiff's board of directors and default on the third payment, another action, the subject of this appeal, was commenced to recover on the note. Before service, the secretary of the defendant wrote to the plaintiff's board of directors advising them of the alleged agreement and explaining that more time would be needed to secure a release from Vermont Federal Savings and Loan for the parcel of

land. The plaintiff's board of directors disavowed any knowledge of the agreement and stated that it was in any event unacceptable. Several months later both the plaintiff's and the defendant's claims in the original action were dismissed pursuant to a stipulation between the parties. The present action continued. Judgment was rendered for the plaintiff, and the defendant filed a motion to introduce additional evidence and a motion to amend the findings of fact and conclusions of law and judgment. Both motions were denied, and the defendant has appealed.

■■ The defendant's first argument is that its offer to extinguish the note was accepted by the plaintiff, forming a contract between the parties which superseded the provisions of the note. However, what the defendant denominates as an acceptance by the plaintiff clearly contains an additional term pertaining to general releases. It has long been the law in Vermont and elsewhere that an "acceptance of an offer, to be good, must in every respect meet and correspond with the offer . . . . An acceptance on terms varying from those proposed is, in effect, a counter proposal, and is not binding until it is itself accepted." (Citations omitted.) *Hill* v. *Bell*, 111 Vt. 131, 134–35, 11 A.2d 211, 213 (1940).

The defendant therefore must show an acceptance by it of the plaintiff's counteroffer. Such an acceptance may be accomplished either expressly or by conduct. *Bachli* v. *Hott*, 124 Vt. 159, 163, 200 A.2d 263, 267 (1964). Furthermore, such acceptance must have occurred within a reasonable time, for after such a time the offer would lapse and any acceptance would be impossible. *United States* v. *Roberts*, 436 F. Supp. 553 (E.D. Tex. 1977); 1 S. Williston on Contracts § 54, at 172 (3d ed. 1957).

■ Of the correspondence introduced into evidence, the earliest purported express acceptance to which the defendant refers is a letter to the plaintiff some ten months after the counteroffer. The only act performed by the defendant until the time of trial was the dismissal of its counterclaim, and this occurred almost one year after the plaintiff's counteroffer. To make matters worse, the dismissal of the counterclaim came after the plaintiff had already indicated a refusal to enter into the agreement.

The time for acceptance here had clearly lapsed, due to the passage of more than a reasonable amount of time. In the absence of a superseding contract between the parties, the original note provides a proper basis for the action by the plaintiff. Our holding that there was not a valid acceptance by the defendant obviates the need to consider the claim that the plaintiff is not entitled to interest, costs, and attorney fees not here in issue as provided for in the note.

██ The defendant's next claim is that the trial court erred in denying a post-trial motion to introduce additional evidence, a letter not offered at trial. The explanation proffered is that the defendant believed it to be unnecessary, because of what was perceived to be the strength of its case in other respects. While V.R.C.P. 60(b)(1) permits relief from judgment for reasons of mistake or inadvertence, it does not operate to protect a party from tactical decisions which in retrospect may seem ill advised. *Kotz* v. *Kotz*, 134 Vt. 36, 349 A.2d 882 (1975); *Federal's, Inc.* v. *Edmonton Investment Co.*, 555 F.2d 577 (6th Cir. 1977). Beyond this, the letter by its terms was at best a conditional acceptance, asking additional time to clear title. It would not have established defendant's claim of a valid contract.

█ The defendant's final claim of error is that the trial court erred in its refusal to give the defendant time to submit briefs. However, as the defendant acknowledges, the giving of permission to file such briefs is purely discretionary, and if the trial court feels them unnecessary there is no reason to withhold findings until after their submission.

*Judgment affirmed.*