### Janet Thorburn v. Town of Norwich

[448 A.2d 141]

No. 324-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed May 7, 1982

*Mahady, Johnson, Dunne, Hershenson & Scott,* Norwich, for Plaintiff.

*Plante, Richards, Terino & Hanley,* White River Junction, for Defendant.

**Barney, C.J.** This litigation involves the plaintiff's appeal of her 1978 property tax by the defendant town. Her appeal had been on the docket of the Windsor Superior Court since August of 1978 without being brought on for trial. At the calendar call for the September Term, 1980, this matter was listed on the progress calendar as ripe for dismissal under V.R.C.P. 41(b)(1).

On opening day, at calendar call, the case was not dismissed, but set for a "settlement" conference on September 11, 1980. That conference was attended by plaintiff and her attorney, and officials of the defendant town and its attorney. As a result of the conference a pretrial order was issued that day, scheduling the case as number two "back-up" on the trial calendar for September 23, 1980.

Following the conference at the courthouse but after the representatives of the defendant had left, the plaintiff informed her attorney that she had to be absent from the state during the week of September 23, 1980, and that she would not be available to attend trial of the matter until April or May, 1981.

Plaintiff's attorney contacted counsel for the defendant and obtained a stipulation for continuance over the term. This was signed by counsel on September 12th and 15th, 1980, and filed with a proposed order of continuance on September 17, 1980. On being informed that consideration by the court required the filing of a motion for continuance and supporting affidavit, in accordance with V.R.C.P. 40(c) and (d), a motion and an affidavit were also drawn and submitted on September 18, 1980.

The motion came on for hearing September 25, 1980. The court denied the continuance and dismissed the action on the basis of V.R.C.P. 41(b) (1), which reads:

> The court, on its own motion, after reasonable notice to all the parties, may dismiss any action that has been pending two years unless good cause is shown for continuance.

The defendant, arguing for affirmance of the ruling below, points out that the requirements of V.R.C.P. 40(c) and (d), which would allow the granting of a continuance, were not complied with in several particulars. First, it was not demonstrated that the absence of the plaintiff, even if she was to be treated as a witness, was in fact unavoidable. Second, the substance of her testimony was not set out. Thirdly, the affidavit was made by the plaintiff's attorney, not by the plaintiff herself.

■■

■■ We agree that all of these considerations indicate a failure to comply with V.R.C.P. 40(c) and (d) and justify this order of dismissal. A reading of the full text of V.R.C.P. 40 reflects the concern that courts must have for the orderly use of court facilities, provided at great expense to the taxpayer for the use of litigants. The design of that rule is directed at avoidance of unnecessary delay, and seeks out alternatives preferable to postponement of the trial if the rights of the parties can be accommodated.

*Judgment affirmed.*