**John Hayes and Leah Hayes d/b/a In-Town Restaurant v. Fred Harwood and Harwood Construction Co., Inc.**

[448 A.2d 799]

No. 465-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

*Harold J. Gilbar, Jr.,* Bennington, for Plaintiffs-Appellants.

*Witten & Carter, P.C.,* Bennington, for Defendants-Appellees.

**Per Curiam.** The plaintiffs brought suit to recover from the defendants money paid for electrical work done by an unlicensed electrician, as well as damages for improper performance of the work. After several unsuccessful scheduling attempts the matter finally came on for hearing. When the plaintiffs did not appear to prosecute their action the defendants moved to dismiss the cause on two grounds: first, under V.R.C.P. 41 for failure to appear and present their case; and, second, on the substantive grounds that once payment has been voluntarily made under a contract made illegal by a licensing statute such as 26 V.S.A. § 911, an action to recover the money does not lie.

At this point an unfortunate complication intrudes. In drafting the order granting the defendants' motion for dismissal under V.R.C.P. 41, the trial court referred to the decision as a default. As a result, the plaintiffs have challenged the entry as failing to comply with the three-day notice requirement of V.R.C.P. 55, the rule applicable to default judgments. The misuse of terms has created a pseudo-issue to be dealt with.

Reflection would indicate that the order entered in this case, however labelled, is not a default judgment. As our cases have stated so many times over the years, it is the substance of the operative instrument that determines its judicial effect, not its label. See, e.g., *State* v. *Verham News Corp.,* 121 Vt. 269, 272, 155 A.2d 872, 874 (1959).

A default judgment, the subject of V.R.C.P. 55, is a determination of a right of recovery based on a claim presented to a court and left undefended and without response,

in the usual case. The three-day requirement is one more attempt to generate a response from the silent party before judgment is taken in favor of the claimant because of a failure to raise any defense. Courts feel a need, in fairness, to make as certain as possible that the litigation not result in an accidental failure to forestall a confession of liability. Compare *Town of Colchester* v. *Brault*, 131 Vt. 616, 313 A.2d 29 (1973).

Here the failure is on the part of the claimants to pursue a claimed cause of action instituted by them. Notice is not a problem. Nor is the result an adjudication of liability without adversary hearing, but rather a dismissal of a claim for failure to press it before the court after bringing it. The plaintiffs here are not defaulted, but in the language of older cases, they are "nonsuited." *Johnson* v. *Shumway*, 65 Vt. 389 (1893).

The plaintiffs moved to set aside this "default" which was actually a dismissal. After a hearing, the trial court concluded that the plaintiffs had advanced no reason for changing the judgment in favor of the defendants and denied their motion to set aside the entry. Since this determination is fully supported by the record, we need go no further. *Id.* at 391.

*Judgment affirmed.*