## Peter I. Cooper v. Douglas E. Savage

[485 A.2d 1258]

No. 83-327

Present: Hill, Underwood, Peck and Gibson, JJ., and
Barney, C.J. (Ret.), Specially Assigned

Opinion Filed November 9, 1984

*Robert P. Gerety, Jr.,* of *Plante, Richards, Terino & Hanley, P.C.,* White River Junction, for Plaintiff-Appellee.

*Douglas E. Savage,* pro se, Castleton, Defendant-Appellant.

**Underwood, J.** Defendant, Douglas E. Savage, in his pro se appeal, challenges the damages portion of the judgment of $1,583 entered for the plaintiff, Peter I. Cooper, in a negligence

action. This action was brought by the plaintiff to recover property damages to his automobile resulting from an intersection collision on April 2, 1979, with a dump truck driven by the defendant. After a bench trial, the court found that the accident was caused solely by the negligence of the defendant and, pursuant to a stipulation placed upon the record, awarded judgment for the plaintiff and dismissed the counterclaim of the defendant. We affirm.

On appeal the defendant contends that the judgment should be reversed and a new trial ordered pursuant to V.R.C.P. 60 (b). Defendant claims that the court mistakenly interpreted his attorney's remarks as agreeing to the amount of plaintiff's damages, without further proof on the part of the plaintiff that all of those damages were proximately caused by the accident. Therefore, he alleges the court unwittingly relieved the plaintiff from his burden of proving damages by accepting the stipulation, without more. Defendant did not appeal the court's dismissal of his counterclaim.

The court, at the close of the evidence, made oral findings on the record in which it found: "The collision was proximately caused solely by the negligent and careless manner in which Defendant operated. The parties have stipulated the damages are in the sum of $1,583. The Court awards judgment in favor of the Plaintiff against the Defendant in the sum of $1,583."

The transcript of the colloquy at the time the stipulation was proffered to the court is essential for an understanding of defendant's claim of error.

| | |
|---|---|
| Gerety (attorney for plaintiff) : | Your Honor I think we can put a stipulation on the record. If it's not correct—It's my understanding that we have a stipulation that a qualified expert inspected the vehicle following the accident and that the reasonable value in his opinion of the cost of repair on April 12, 1979, of the damages which he saw when he inspected the vehicle were . . . $1583.00 |
| The Court : | Very well. That takes care of the damages aspect of the case, I believe. |

| | |
|---|---|
| Wright (attorney for defendant): | The only thing that we want to make clear for the record, your Honor, is that we're willing to stipulate to the reasonableness of the costs to fix the damage that he observed or that he would say that he observed when he looked at it on April 12. This is some ten days after the accident. This is the only thing that I'd like to make clear, that he observed it some ten days after the accident. He was not at the accident. He does not know anyways that this damage was actually caused in the accident. |
| The Court: | Okay. Basically if your expert testified, he would testify without impeachment or rebuttal that the cost of repair as of April 12, 1979, in his opinion was $1,583. However, he would also testify that he saw it twelve days after the accident. |
| Wright: | Correct. |
| The Court: | Very well. So stipulated. The court accepts that stipulation. And based on that, it would appear that your only issues remaining for adjudication are liability. |
| Wright: | Correct. |
| Gerety: | That's correct, your Honor. And I have nothing further. I rest at this time. |

Defendant's attorney made no objection then, or at any time thereafter, to the court's expressed understanding of the stipulation and its acceptance of it as proof, without more, of plaintiff's damages.

Once a party agrees to a stipulation, he is bound by it, and the course of the trial is determined by it. *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 542, 298 A.2d 846, 849 (1972) (citing

*In re Estate of Cartmell,* 120 Vt. 234, 240, 138 A.2d 592, 595 (1958), and *Whitmore* v. *Mutual Life Insurance Co.,* 122 Vt. 328, 329, 173 A.2d 584, 586 (1961) ) ; see also *Hall* v. *Fletcher,* 100 Vt. 210, 212, 136 A. 388, 389 (1927) (an attorney may bind his client by a concession).

■ A timely objection by the defendant was necessary if he did not agree to the damages as stipulated, or to the court's express understanding of the stipulation. Defendant's failure to so object constitutes acceptance. *Angolano* v. *City of South Burlington,* 142 Vt. 131, 136, 453 A.2d 402, 404 (1982).

Assuming arguendo that the court misinterpreted the thrust of the stipulation, as defendant suggests, and erroneously inferred that the only issue remaining was whether the defendant's negligence was the responsible cause for the accident, plaintiff did prove by a preponderance of the evidence that his damages of $1,583 were proximately caused by this accident.

Defendant limited his attack, in oral argument before us, to the extent of the damages, arguing that the plaintiff failed to prove that the windshield was broken in the accident. He argues that it wasn't broken at the time of the accident, and infers that it must have been broken by some other means during the twelve-day period preceding the examination of the automobile by plaintiff's expert appraiser.

Nevertheless, plaintiff's wife, who was operating her husband's automobile at the time of the collision, testified on direct examination:

Q. Okay. Now I'm going to show you what's been marked Plaintiff's 2 for identification, which is a photograph. Can you tell me what that is a picture of?

A. That's a picture of my car after the accident.

Q. Okay. Is that a fair and accurate representation of the damage to your vehicle resulting from the accident?

A. It doesn't show the broken windshield and left window.

Q. They've been replaced?

A. No, they haven't.

Q. Okay. But that photograph is not clear with respect to that; is that what you're saying?

A. Right.

Plaintiff's Exhibit 2 was later admitted as an exhibit without objection from defendant's attorney.

The investigating officer, called as a witness by the plaintiff, was unable to recall whether there was any glass damage to plaintiff's automobile.

Defendant offered no rebuttal evidence to plaintiff's wife's testimony that all of the damages to plaintiff's automobile were proximately caused by this accident.

We have consistently held that "[w]hen the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary." (Citations omitted.)

*LaFlamme* v. *Church*, 143 Vt. 219, 220, 465 A.2d 268, 269 (1983).

Aside from the stipulation, our review of the record reveals sufficient independent evidence to support the judgment of the trial court on the issue of damages. Accordingly, it must be affirmed.

*Affirmed.*