## In re Justices William C. HILL, Ernest W. Gibson III, Thomas L. Hayes and Assistant Judge Jane Wheel

[534 A.2d 212]

No. 86-395

August 21, 1987. The recommendation of the Judicial Conduct Board that the items of formal complaint against Associate Justice Ernest W. Gibson III in the document dated January 19, 1987 be dismissed is accepted and the same are dismissed.

## VERMONT INVESTMENT CAPITAL, INC. v. Frank KRAMER d/b/a Frank Kramer Enterprises

[533 A.2d 1193]

No. 84-498

September 3, 1987. Following entry of judgment in favor of plaintiff in an action on a promissory note, defendant, appearing pro se, filed motions for relief from judgment and judgment on the pleadings under V.R.C.P. 60(b) and V.R.C.P. 12(c). After hearing, the trial court denied both motions without notice of the reasons for its action.

A motion for judgment on the pleadings under Rule 12(c) is a pretrial motion, and relief cannot be granted thereon after judgment is entered. Ac-

cordingly, the trial court's denial of this motion was proper.

The motion for relief from judgment, however, was the appropriate vehicle through which to seek the relief sought by defendant. We are unable to review the judge's ruling on this motion because of the absence of any statement of the reason(s) for the court's action, or any indication thereof on the face of the record. While findings of fact and conclusions of law are not essential, V.R.C.P. 52(a), it is a useful practice, particularly where, as here, the motion raises apparently complicated issues of fact and the movant is pro se. See *Merchants National Bank* v. *Considine*, 135 Vt. 416, 417, 377 A.2d 1390, 1391-92 (1977). At the very least, the court must, in a case such as this, give an indication as to the basis for its decision, unless it is clear on the face of the record.

*Affirmed as to the motion for judgment on the pleadings; reversed and remanded for a new hearing on defendant's motion for relief from judgment.*