# Tina H. Goshy v. Jerome Morey and Rockingham Memorial Hospital

[539 A2d 543]

No. 85-177

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed December 18, 1987

*Theodore C. Kramer* of *Crispe & Crispe,* Brattleboro, for Plaintiff-Appellant.

*Miller, Norton & Cleary,* Rutland, for Defendant-Appellee Morey.

*Allan R. Keyes and Mark H. Kolter* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee Rockingham Memorial Hospital.

**Dooley, J.** Plaintiff appeals a superior court order denying her Rule 60(b) motion to reopen, following dismissal of her action for injuries allegedly sustained as a result of medical treatment by defendant-physician at the Rockingham Memorial Hospital. We reverse.

On June 14, 1983, plaintiff filed a complaint in Windham Superior Court alleging that in May, 1979, defendant, Dr. Jerome Morey, negligently performed medical procedures, and that both Dr. Morey and the Rockingham Memorial Hospital (Hospital) were negligent in their care and treatment of the plaintiff. With

his answer, defendant Morey filed interrogatories requesting, among other things, that plaintiff identify any expert witnesses she intended to call to testify on her behalf. Plaintiff failed to respond to these interrogatories within the time permitted under V.R.C.P. 33(a). Defendant Morey filed a motion to compel on August 30, 1983. Plaintiff responded on September 9, 1983, stating that the requested information was "[t]o be furnished." In December, 1983, defendant Hospital served interrogatories on plaintiff, requesting that plaintiff identify her expert witnesses. Plaintiff's answer on January 19, 1984, stated that, although she intended to call expert witnesses, their identity was "[u]nknown at the present time." Counsel for defendant Morey requested the names of plaintiff's experts informally by letter on February 28, 1984, and on June 22, 1984, but obtained no response.

Defendant Morey filed a second motion to compel plaintiff to identify her expert witnesses in December, 1984. By this time, the case was being called for trial. Plaintiff filed a motion for continuance dated January 10, 1985. On January 14, 1985, the court granted defendant Morey's motion to compel, and ordered plaintiff to disclose her experts by January 20, 1985. On January 16, 1985, the court denied plaintiff's motion to continue.

On January 21, jury drawing for a trial on the merits was scheduled. Plaintiff's counsel was unprepared to go forward because he had no expert witness in support of plaintiff's case. He orally renewed the motion to continue that had been denied five days earlier. Defendants moved to dismiss at a hearing on these motions.

Counsel for plaintiff proposed a thirty-day continuance in order that he have an opportunity to provide defendants a report from an out-of-state medical consultant. "[I]f I don't come up with anything within the next thirty days and provide the report to the defendants," plaintiff's attorney said, "then I have no objection to the court ruling on the defendants' motion." On January 28, 1985, the court ordered that plaintiff file with the court a copy of a medical expert's report concerning defendants' alleged negligence on or before February 25, 1985. The order provided that "[i]n the event such report is not filed by that date, the plaintiff's complaint shall be dismissed . . . ."

On February 27, 1985, plaintiff still had not identified her expert witnesses or filed the report ordered by the court. Defendants jointly moved for dismissal. Without hearing, the court

granted defendants' motion to dismiss on March 1, 1985, pursuant to the court's January order.

On March 15, plaintiff filed a motion to reopen the case, together with a report from an out-of-state medical expert. The report was based on the medical records and the deposition of the plaintiff and concluded that it was the expert's "strong clinical opinion" that defendant doctor departed from "good and accepted medical care in the field of obstetrics and gynecology." The motion stated that the report was not filed within the time limit specified in the court's order because the expert did not submit it to the plaintiff on "the timetable guaranteed to the Plaintiff." The motion was denied without hearing because the trial judge's dismissal "order is the law of the case and there are no sufficient reasons to change or reopen his decision."

The sole issue on appeal is whether the court erred in denying plaintiff's motion to reopen. Plaintiff cited no rule in support of her motion to reopen. It appears, however, that plaintiff intended to ground her motion to reopen upon V.R.C.P. 60(b)(1) (excusable neglect) or (b)(6) (other reasons) which provide for relief from a judgment or order. The granting of a Rule 60(b) motion would strike the dismissal and reinstate the action.

Our decisions on relief from judgment motions lend support to both sides of this appeal. We have traditionally stated a very narrow standard of review in Rule 60(b) cases:

> The power to grant relief from a final judgment rests solely in the sound discretion of the trial court, and a discretionary ruling of the trial court is not subject to review on appeal unless it clearly and affirmatively appears that such discretion has been abused or withheld.

*Kotz* v. *Kotz*, 134 Vt. 36, 40, 349 A.2d 882, 885 (1975). See *Reuther* v. *Gang*, 146 Vt. 540, 541, 507 A.2d 972, 973 (1986); *Estate of Emilo* v. *St. Pierre*, 146 Vt. 421, 423, 505 A.2d 664, 665 (1985); *Cliche* v. *Cliche*, 143 Vt. 301, 306-07, 466 A.2d 314, 316-17 (1983); *Desjarlais* v. *Gilman*, 143 Vt. 154, 157, 463 A.2d 234, 236 (1983); *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982); *Okemo Mountain, Inc.* v. *Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981); *Meacham* v. *Kawasaki Motors Corp.*, 139 Vt. 44, 47, 421 A.2d 1299, 1301 (1980); *Waitt* v. *Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 396 (1979); *Brown* v. *Tatro*, 136 Vt. 409, 412, 392

A.2d 380, 382 (1978); *Bardill Land & Lumber, Inc.* v. *Davis*, 135 Vt. 81, 82, 370 A.2d 212, 213-14 (1977).

Our rules and decisions have not clearly required that trial courts use specific procedures in ruling on relief from judgment motions. Under V.R.C.P. 78(b)(2), a hearing is waived unless requested and "in any case" the court can decline to hear oral argument and may dispose of the motion without hearing, or argument. In this case, plaintiff never requested argument on her Rule 60(b) motion. In any event, the court could dispense with a hearing on finding that all of the claims in the motion, even if fully supported, would not warrant relief. See *Alexander* v. *Dupuis*, 140 Vt. 122, 125, 435 A.2d 693, 695 (1981).

Nor have our decisions required detailed findings for Rule 60(b) motion rulings although we have held that the "practice [of making findings] is commendable" particularly where there has been an evidentiary hearing. *Merchants Nat'l Bank* v. *Considine*, 135 Vt. 416, 417, 377 A.2d 1390, 1391 (1977). See V.R.C.P. 52(a) (findings are "unnecessary on decisions of motions"). Plaintiff never requested findings in this case.

In addition, there were adequate grounds in this case for the trial judge to dismiss the case in the first instance. Plaintiff had failed to prepare her case so that she still did not have the basic testimony to prove negligence by the defendants and had failed to meet discovery obligations. Essentially, the plaintiff had failed to prosecute the action, grounds for dismissal under Rule 41(b)(2). See *Hayes* v. *Harwood*, 141 Vt. 308, 448 A.2d 799 (1982); *Thorburn* v. *Town of Norwich*, 141 Vt. 242, 448 A.2d 141 (1982); *In re Estate of Peloquin*, 137 Vt. 559, 409 A.2d 586 (1979). Through new techniques of docket management, we have made great strides in Vermont in eliminating judicial delay and placing our judicial resources where they are most needed. These improvements are possible only when the court controls scheduling and creates and enforces clear expectations of timing. As this Court stated in *Thorburn* v. *Town of Norwich*, 141 Vt. at 244, 448 A.2d at 142:

> A reading of the full text of [the scheduling rule] reflects the concern that courts must have for the orderly use of court facilities, provided at great expense to the taxpayer for the use of litigants. The design of that rule is directed at avoidance of unnecessary delay, and seeks out alternatives prefer-

able to postponement of the trial if the rights of the parties can be accommodated.

In this case, plaintiff made a request for continuance that did not comply with Rule 40(c) and was properly denied.

Finally, plaintiff's attorney set the ground rules for the dismissal by proposing a 30-day continuance to obtain an expert witness followed by action on defendants' motion to dismiss if he failed. He is bound by the tactical choice he made, and Rule 60(b) motions are ordinarily not available to those whose tactical choices turn out to be ill advised. See *Darken* v. *Mooney*, 144 Vt. 561, 566, 481 A.2d 407, 411 (1984); *Estate of Emilo* v. *St. Pierre*, 146 Vt. at 424, 505 A.2d at 666; *Okemo Mountain* v. *Okemo Trailside Condominiums*, 139 Vt. at 436, 431 A.2d at 459. In essence, plaintiff's counsel proposed a stipulation to negative action on the motion to dismiss the complaint in order to obtain additional time to pursue expert testimony. Rule 60(b) relief is ordinarily unavailable to relieve one from the effects of a stipulation freely made. See *Cooper* v. *Savage*, 145 Vt. 223, 225-26, 485 A.2d 1258, 1260 (1984).

The above decisions would strongly suggest an affirmance in this case. There are, however, contrary threads throughout some of our cases.

If the order to file the report of the expert witness within 30 days or suffer dismissal is viewed as a discovery sanction order, the original dismissal order may run afoul of the requirements of *John* v. *Medical Center Hospital of Vermont, Inc.*, 136 Vt. 517, 394 A.2d 1134 (1978). In *John*, the Court reversed the dismissal of a complaint for failure of the plaintiff to comply with a discovery order. The Court held that the trial court must make findings of fact when it imposes the ultimate sanction of dismissal and may use this sanction only if the findings indicate that there has been "bad faith or deliberate and willful disregard for the court's orders" and "substantial prejudice to the adverse party." 136 Vt. at 519-20, 394 A.2d at 1135. In this case, the trial court made no findings at all when it dismissed the complaint.

Similarly, there are decisions on Rule 60(b) motions that frown on summary dismissal where we have considered a default judgment or nonsuit that terminates an action without reaching the merits of any issue. As this Court stated in *Childs* v. *Hart*, 131 Vt. 241, 243, 303 A.2d 139, 140-41 (1973):

With the requirements of due process favoring the right of the defendant to be heard in his own defense, denial of that right, and rejection of the remedies for default, must have strong support. There is no question but that where the default is generated by a capricious disregard of legally adequate notice, or a deliberate attempt to invoke delay for personal gain or to impose a loss upon the other party, the trial court is then properly justified in denying access to the default relief process. However, where . . . resort to these remedial rules to relieve from default has any recognizable validity the exercise of a court's discretion in favor of default must be of guarded application. . . . [A] showing of reasons consistent with the rules ought to incline a court to allow the requested contested proceedings absent culpable negligence or deliberate purpose to delay. It is proper for courts, in such situations, to be indulgent in opening decrees entered on default.

See also *Vahlteich* v. *Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981); *Desjarlais* v. *Gilman*, 143 Vt. at 157, 463 A.2d at 236; *Reuther* v. *Gang*, 146 Vt. at 541-42, 507 A.2d at 973; *Dougherty* v. *Surgen*, 147 Vt. 365, 366, 518 A.2d 364, 365 (1986). While *Childs* is a default judgment case, similar considerations enter into cases where, as here, the plaintiff had been nonsuited for failure to meet scheduling orders.

We have also indicated concerns about using summary procedures in ruling on Rule 60(b) motions. In *Jacobs* v. *Jacobs*, 144 Vt. 124, 127-28, 473 A.2d 1165, 1168 (1984), we reversed a denial of motions for a new trial and for relief from judgment under V.R.C.P. 59 and 60(b) for failure to hold a hearing. We held that " 'when the grounds relied upon are stated with particularity and the motion is neither frivolous nor totally lacking in merit,' " a hearing is required, quoting *Jensen* v. *Jensen*, 139 Vt. 551, 554, 483 A.2d 258, 260 (1981) (a Rule 59 case). *Jacobs* does not discuss V.R.C.P. 78(b)(2), which ostensibly allows any motion to be decided without hearing. While *Jacobs* involved a motion under both Rule 59 and 60, there is no apparent reason why a motion solely under Rule 60 should be treated differently.

In *Merchants National Bank* v. *Considine*, 135 Vt. at 418, 377 A.2d at 1392, we first noted that findings had not been held to be necessary in Rule 60(b) cases and then reversed because "we

[were] unable to determine appellant's claim of abuse of discretion since the findings of the trial court are equivocal and inadequate for purposes of review." Recently in *Vermont Investment Capital, Inc.* v. *Kramer*, 148 Vt. 632, 632, 533 A.2d 1193, 1194 (1987), we stated based on *Merchants National Bank* that "[a]t the very least, the court must . . . give an indication as to the basis for its decision, unless it is clear on the face of the record." Cf. *Solomon* v. *Design Dev., Inc.*, 139 Vt. 251, 253, 427 A.2d 381, 382 (1981) (In V.R.A.P. 4 case, trial court "should make findings on the issue of excusable neglect.").

No doubt, we have not been entirely consistent in reconciling the competing policies in the cases in part because Rule 60(b) was "designed to give the court the flexibility to see that the rule serves the ends of justice." Reporter's Notes to V.R.C.P. 60. The decisions draw from those parts of our precedents that support the Court's conclusion and often give inadequate guidelines to the trial court to act on these motions.

This case is exactly the type that creates difficulty in serving the ends of justice while establishing a principled basis for the decision. In our view the deficiency here is that plaintiff's counsel never was able to argue that the neglect was "excusable" under Rule 60(b)(1) or that other reasons justified relief from judgment under Rule 60(b)(6) because the motion for relief from judgment was decided without hearing, essentially on the ground that the issue was resolved by the dismissal order, and the dismissal order was itself made without hearing.

Rather than attempting to fit this case within the rubric of others, we prefer to attempt to establish rules for the future.* At least where there has been a dismissal by default or in the nature of nonsuit, we hold that the court deciding the Rule 60(b) motion must hold a hearing to allow oral argument and, if necessary, the taking of evidence. An exception is present where the issues have been fully argued, and evidence taken if applicable, in the ruling on the underlying dismissal or default. Where a hearing is required, the decision must state such findings and conclusions as will enable us to determine the basis for the decision and to show how the court has used its discretion.

---

* Particularly, we have not decided this case exclusively on *John* v. *Medical Center Hospital, supra*, because the case was called for trial and the plaintiff agreed to the procedure employed by the trial court when plaintiff received the thirty-day extension. *John* remains good law in discovery sanction cases.

Finally, we emphasize that we have not reached the merits of whether the motion should ultimately be granted. Nor should our opinion be seen as condonation of the serious default in obligations under the discovery and scheduling rules that this case discloses. We leave to the trial court to exercise its discretion to weigh this default against the justifications that plaintiff raises.

*Reversed and remanded.*