STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Dunkin Donuts Site Plan Amendment Application | } | Docket No. 143-7-07 Vtec |
| (Appeal of Cumberland Farms) | } | |
|  | } | |

Decision and Order on Motion for Summary Judgment

Appellant Cumberland Farms, Inc., appealed from a decision of the Development Review Board (DRB) of the City of Montpelier, granting approval of a site plan amendment to Appellee-Applicant Damartin Quadros for a drive-through addition to an existing Dunkin Donuts restaurant and retail store. Appellant is represented by Jon T. Anderson, Esq., and David W. Rugh, Esq., Appellee-Applicant is represented by Robert Halpert, Esq. and Stephen Cusick, Esq., and the City of Montpelier is represented by Amanda S.E. Lafferty, Esq.

Appellant has moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellee-Applicant had first applied for site plan approval in 2001 to remove an existing building and to construct a Dunkin Donuts restaurant and retail store at what was then 47–51 Berlin Street. That application was denied by the then-Planning Commission for several reasons, including problems with traffic access and circulation resulting from a proposed drive-through lane and drive-up window. In 2002, Appellee-Applicant filed a revised application for site plan approval for the construction of the store, without a drive-through lane or drive-up window; the then-Planning Commission approved the revised site plan. Appellant Cumberland Farms, Inc., adjoining the property to its west, appealed that decision to Environmental Court in Docket No. 196-9-02 Vtec.

That appeal was resolved by the parties' stipulation and the Court's entry of an

1

order granting site plan approval for the construction of the Dunkin Donuts restaurant and retail store, and imposing the conditions agreed to in the parties' stipulation.  Appeal of Cumberland Farms, Docket No. 196-9-02 Vtec (Vt. Envtl. Ct., March 19, 2003).  Condition 2 provided for the project to be constructed in accordance with an attached site plan, "providing for eighteen (18) parking spaces."  Condition 5 provided that the project "shall not include a drive-up service window or drive-through service."

In June of 2005, in connection with resolution of superior court litigation with another adjoining property owner to the east of the subject property, Appellee-Applicant obtained site plan approval of a reduction of one parking space, requiring it to maintain 17 spaces on the project property.  No party appealed this reduction in parking.

In December of 2006, Appellee-Applicant applied for approval of a further amendment to the site plan, to install a drive-up service window and speaker, to remove two parking spaces and the granite curbing in front, and to add drive-through graphics to the sign.  In connection with this application, Appellee-Applicant did not move under V.R.C.P. 60(b) (or otherwise) for relief from the 2003 judgment in Appeal of Cumberland Farms, Docket No. 196-9-02 Vtec (Vt. Envtl. Ct., March 19, 2003).

The DRB's grant of approval[1] of the site plan "for the addition of a drive-through lane" at the existing Dunkin Donuts establishment at 51 Berlin Street, including changes to the access and circulation of the site, the installation of a drive-up window and speaker,

_____

[1] The DRB required as a condition of approval that Appellee-Applicant:
. . . perform a follow-up traffic study for one calendar year after the date of completion to assess the traffic safety and to determine whether further modifications are needed to improve traffic safety at Berlin Street and the driveway.  A certificate of compliance will not be issued until after review and approval of follow[-]up traffic study by staff.  Applicant will address any issues raised by staff review of the traffic study.
Appellant also challenges the legality of this condition. Due to the resolution of the present motion we do not reach this issue at this time in this appeal.

and the elimination of seven parking spaces, is the subject of the present appeal.

Finality of the Stipulated Court Order in Docket No. 196-9-02 Vtec

In general, "[o]nce a stipulation is incorporated into a final order, concerns regarding finality require that the stipulation be susceptible to attack only on grounds sufficient to overturn a judgment." Pouech v. Pouech, 2006 VT 40, ¶ 20, 180 Vt. 1, 11. That is, once a party agrees to a stipulation, that party is bound by it, and the course of the trial is determined by it. Eurich v. Coffee-Rich, Inc., 130 Vt. 537, 542 (1972); Cooper v. Savage, 145 Vt. 223, 225 (1984). The parties are similarly bound by a final order incorporating the stipulation, unless the court that issued the final order grants a party relief from that final order. Pouech, 2006 VT 40, ¶ 20; Dunbar v. Gabaree, 135 Vt. 269, 270–71 (1977).

Thus, Appellee-Applicant is bound by the 2003 stipulated court order in Docket No. 196-9-02 Vtec, unless by motion he can show under V.R.C.P. 60(b) the type of mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, or other reason justifying relief from that stipulated court order.

In general, the Vermont Supreme Court has consistently ruled that V.R.C.P. 60(b) "does not operate to protect a party from freely made tactical decisions which in retrospect may seem ill advised." Wild v. Brooks, 2004 VT 74, ¶ 20, 177 Vt. 171, 180; Juster v. Juster, 2007 VT 111, ¶ 4; and see, e.g., Goshy v. Morey, 149 Vt. 93, 97 (1987). Moreover the granting of partial relief from a stipulation is particularly disfavored because "the granting of partial relief alters the parties' original agreement and generally causes one of the parties to bear the burdens of the agreement while foregoing its benefits." Hood v. Hood, 146 Vt. 195, 197 (1985).

However, Appellee-Applicant has not applied for relief from judgment in Docket No. 196-9-02 Vtec. Such a Rule 60(b) motion is therefore not before this Court in the present appeal. Unless relief from the judgment in Docket No. 196-9-02 Vtec were to be

3

granted, Condition 5 of the stipulated court order in Docket No. 196-9-02 precludes consideration of the present application.

Successive Application

The parties may have conflated the issue of reopening the consent judgment with the issue of whether a change in circumstances warrants the DRB (and hence this Court in this de novo appeal) to consider a successive application. Section 307 of the Zoning and Subdivision Regulations allows the submittal of site plan amendment applications. The applicable state statute allows but does not require the DRB to reject such an application if it considers that the issues "have been decided in an earlier appeal or involve substantially or materially the same facts." 24 V.S.A. § 4470(a).

As this Court recently explained in In re R.L. Vallee PUD (Spillane's), Docket No. 100-5-07 Vtec, slip op. at 4 (Vt. Envtl. Ct., Aug. 17, 2007), a successive application may generally be presented:

> if "there has been a substantial change in the application or the circumstances." In re Armitage, 2006 VT 113, ¶8 (citing In re Carrier, 155 Vt. 152, 158-59 (1990)); In re: Murphy Conditional Use Application, Town of Bakersfield v. Murphy, Docket Nos. 134-6-06 Vtec and 168-7-06 Vtec, slip op. at 8-9 (Vt. Envtl. Ct., Nov. 16, 2006). A substantial change in circumstances can occur when there have been changes to the application itself, to address concerns that caused the previous denial, Armitage, 2006 VT 113, ¶9, a change in the physical surroundings of the property, Carrier, 155 Vt. at 158 (citing Rocchi v. Zoning Bd. of Appeals, 248 A.2d 922, 925 (Conn. 1968)), or a change in the governing regulations. In re Miller Subdivision Final Plan (Appeal of Fothergill), Docket No. 178-7-06 Vtec, slip op. at 6-7 (Vt. Envtl. Ct., Mar. 21, 2007); see also DuPage Forklift Serv., Inc. v. Material Handling Serv., Inc., 744 N.E.2d 845, 850 (Ill. 2001) (citing Restatement 2d of Judgments §28(2)).

In the present appeal, we do not reach the issue of whether any changes in the ordinance, or the configuration of the site circulation, or traffic on the adjoining streets, or

any other factors would have warranted a successive application in the absence of the court order in Docket No. 196-9-02 Vtec, or whether § 307 allows such an application regardless of the factors discussed above. Rather, reopening the judgment in Docket No. 196-9-02 Vtec and eliminating Condition 5 in that stipulated court order is a necessary precondition to making the application at issue in the present appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that summary judgment is GRANTED in favor of Appellant Cumberland Farms, Inc., vacating the decision appealed from and concluding this appeal. Any V.R.C.P. 60(b) motions regarding the stipulation or stipulated court order would necessarily have to be filed as post-judgment motions in Docket No. 196-9-02 Vtec and not in the present appeal.

Done at Berlin, Vermont, this 31st day of October, 2007.

_____
Merideth Wright
Environmental Judge