*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-262

MAY TERM, 2016

| | | |
|---|---|---|
| US Bank National Association | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Marjorie Johnston | } | DOCKET NO. 174-2-10 Rdcv |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant seeks this Court's review of two post-judgment orders in this foreclosure action, which has been pending before the Rutland Superior Court since February 2010. We affirm.

The original decree of foreclosure was issued in August 2010 after defendant failed to answer the complaint. She filed for bankruptcy on two occasions before the redemption period expired, however, and the matter was stayed. In August 2012, after plaintiff was granted relief from the bankruptcy stay, the superior court denied defendant's motion to reopen the matter pursuant to V.R.C.P. 60(b) and issued an amended decree of foreclosure that reset the redemption date. Shortly before this new redemption date expired, defendant filed for bankruptcy a third time. Two months later, the bankruptcy petition was dismissed and the foreclosure case was reopened. Following a hearing, the superior court denied defendant's motion to amend the foreclosure judgment and issued a second amended decree of foreclosure in April 2014 with a new redemption date. After the redemption period expired, defendant filed motions to halt the judicial sale of the foreclosed property and for permission to appeal from the decree of foreclosure. The superior court denied both motions, stating that it had already addressed the underlying merits of defendant's various motions, that defendant continued to repeat old arguments, and that there were no factual or legal questions that warranted granting an appeal. Defendant did not seek review of the superior court's denial of her motion for permission to appeal, but three weeks later, filed for bankruptcy a fourth time. In January 2015, after the bankruptcy case was dismissed, plaintiff purchased the subject property at a foreclosure sale. A hearing was held on plaintiff's motions, pursuant to Rule 60(b), to halt the judicial sale of the property and to amend or vacate the April 2014 foreclosure decree. The ensuing orders filed in response to those motions are the subject of this appeal.

In the first order, the superior court rejected defendant's claims that the property was a protected homestead, noting that there was no newly discovered evidence on this point, that the issue had already been considered, that the property had been treated as a primary residence with respect to the redemption period, and that, in any event, defendant failed to appeal the superior court's previous decision denying her motion for permission to appeal. However, the court

scheduled an evidentiary hearing on defendant's claim of fraud, which was based principally on her reference to articles from the internet indicating that the person who signed the affidavit regarding possession of the promissory note for plaintiff was a "robo-signer" who signed affidavits without checking for accuracy.

Defendant did not appear at the hearing, but her son participated as an interested person representing her interests. Based on what defendant had seen on the internet and in a deposition from an out-of-state case, none of which was admissible according to the superior court, defendant's son took the position that plaintiff's affiant was a "robo-signer" who had no personal knowledge of the facts contained in the affidavit. In its order rejecting defendant's fraud claim, the superior court noted that defendant had never contested the allegations in the affidavit that she now claimed to be fraudulent, and that, because of her erroneous belief that plaintiff had the burden to disprove her claim of fraud, she failed to present any evidence at the hearing to support the claim. The superior court further noted that plaintiff had presented evidence at the hearing demonstrating that: (1) the promissory note was in the possession of its agent at the time of the filing of the complaint; (2) the note was currently in plaintiff's possession and was shown to the superior court and defendant at the hearing; and (3) the affidavit in question was accurate. The superior court ruled that defendant failed to establish the elements of fraud in that she presented no evidence that an intentional misrepresentation affected the essence of the transaction, that the misrepresentation was false when made or known to be false by the maker, or that defendant relied on the misrepresentation to her detriment. See Silva v. Stevens, 156 Vt. 94, 102 (1991) (setting forth elements of fraud or intentional misrepresentation). The superior court noted that, other than filing bankruptcy petitions, defendant had not previously challenged the accuracy of the affidavit in support of the complaint for foreclosure. Cf. Bank of Am. v. McLaughlin, No. E-11-057, 2012 WL 1900534, at *3 (Ohio Ct. App. May 25, 2012) (rejecting Rule 60(b) motion seeking to reopen foreclosure judgment where plaintiff presented evidence that it was holder of promissory note and defendant presented only "several news articles and cases where the affiant allegedly robo-signed affidavits in other cases").

The superior court also ruled that defendant's Rule 60(b) motion to set aside a judgment based on fraud was untimely because it was not filed within one year of the first amended decree of foreclosure, which should be considered the final order from which to assess the timeliness of the motion to reopen—as opposed to the second amended order, which merely adjusted the redemption date. See V.R.C.P. 60(b) (stating that motions to reopen for first three reasons noted in rule, including fraud, must be filed within one year after judgment); see also TBF Financial, LLC v. Gregoire, 2015 VT 36, ¶ 20, 118 A.3d 511 (noting "strong legislative policy favoring finality of foreclosure judgments" and stating that "foreclosure decree is a final judgment even if a right to redeem exists, and even if further proceedings ancillary to the foreclosure itself are contemplated"). Finally, the superior court ruled that even if defendant's claim could be considered under the Rule 60(b)(6) "catch-all" provision, the claim was not filed within a reasonable period of time.

Defendant sought permission to appeal from the superior court's two orders. The superior court denied permission to appeal with respect to defendant's challenge to confirmation of the judicial sale, but granted permission to appeal from its refusal to amend or vacate the second amendment decree of foreclosure.

Defendant's principal brief on appeal lists no less than forty issues for review but her one-page argument is devoid of any claim of error or any argument on the merits, other than allegations that plaintiff has used its power and resources to destroy her homestead, that the City

of Rutland has forced an unsustainable tax bill upon her, and that plaintiff's law firm has attempted to demonize those who support her.[*]  On this record, given defendant's failure to present evidence at the hearing below or to demonstrate how the superior court abused its discretion denying her Rule 60(b) motion, we discern no basis to overturn the superior court's denial of that motion seeking to amend or vacate the April 2014 decree of foreclosure.  See R. Brown & Sons, Inc. v. Internat'l Harvester Corp., 142 Vt. 140, 143 (1982) (stating that "burden of proving an abuse of discretion" is on the party seeking review of decision on Rule 60(b) motion, which "is not subject to appellate review unless it clearly and affirmatively appears from the record" that trial court "withheld or otherwise abused" its discretion in deciding motion) (quotation omitted); Merchant's Nat'l Bank v. Considine, 135 Vt. 416, 418 (1977) ("The burden of proof in a Rule 60(b) motion is upon the moving party.").

Affirmed.

BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

---

[*]  Defendant later filed an untimely "reply" brief that, in addition to responding in part to plaintiff's brief, lists the same forty issues cited in her principal brief, but this time provides a short "answer" to each issue raised.  Defendant has moved for permission to file the reply brief beyond the time allowed by our entry order.  Plaintiff opposes the motion.  We grant defendant's motion to file an untimely reply brief, but only to the extent that defendant is responding to plaintiff's brief and not making arguments not made in her principal brief.  In re Paynter 2-lot Subdivision, 187 Vt. 637, 641 (2010) (mem.) ("We need not consider arguments raised for first time in a reply brief.").