VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        24-AP-073

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

Monica DeCell v. Richard Bynum\*

}   APPEALED FROM:
}
}   Superior Court, Bennington Unit,
}   Family Division
}   CASE NO. 24-FA-00279
    Trial Judge: Howard A. Kalfus

In the above-entitled cause, the Clerk will enter:

Defendant appeals a family division decision denying his motion to reopen a final relief-from-abuse (RFA) hearing. We affirm.

The record indicates the following. On January 31, 2024, plaintiff filed a complaint seeking an RFA order against defendant on behalf of their minor daughter, K.B. See 15 V.S.A. § 1103(a) ("Any family or household member may seek relief from abuse by another family or household member on behalf of . . . his or her children by filing a complaint under this chapter."). In support of this request, plaintiff alleged that defendant threw K.B. against a dresser on December 20, 2023, causing injury. The family division denied her request for a temporary order, concluding that this allegation was too remote in time to support the finding of "immediate danger of future abuse" necessary to issue an emergency RFA order. Id. § 1104(a)(1) (providing that temporary RFA order "may be issued ex parte, without notice to the defendant, upon motion and findings by the court that the defendant has abused . . . the plaintiff's children" and "there is an immediate danger of further abuse").

On February 3, a Bennington Police Department officer served defendant with the decision denying plaintiff's request for a temporary order, a notice of hearing on plaintiff's request for a final order, and accompanying instructions. The hearing notice included the following language:

IMPORTANT INFORMATION FOR DEFENDANT

At the hearing held on the date and time specified on the face of this notice, the court will decide whether to issue or deny a final order. After the hearing, [an] order may be issued, which may remain in effect as long as the judge decides, concerning relief from abuse, . . . and custody of the children. If you fail to appear

at the hearing, an order may be issued against you granting the plaintiff's request for relief as the court deems appropriate.

The instructions likewise warned defendant, "You must appear (remotely or in person) no later than the time on your notice. This is your opportunity for the court to hear information from you and your witnesses. If you do not appear, a final order may be granted in your absence."

Defendant did not appear at the February 14 hearing. Plaintiff was present and represented herself. The family division found that defendant abused K.B. and there was both a danger of further abuse to K.B. and a credible threat to the safety of the parties' minor son, D.D. It issued a final RFA order that, among other things, transferred parental rights and responsibilities for both children from defendant to plaintiff pursuant to 15 V.S.A. § 665 and provided that defendant could have parent-child contact only with supervision and at plaintiff's discretion.

Through counsel, defendant filed a verified motion to reopen the hearing under Vermont Rules of Civil Procedure 59(e) or 60, arguing that his failure to appear constituted excusable neglect. See V.R.C.P. 60(b)(1) (providing that court may relieve party from order for excusable neglect); V.R.C.P. 59 (indicating that court may grant new trial "for any of the reasons for which new trials or rehearings have heretofore been granted in actions at law or in suits in equity in the courts of this state"). In support, he asserted that when the officer served him, she "indicated that [he] need not attend" the upcoming final hearing. Defendant raised allegations about plaintiff's veracity, motivations, and ability to provide appropriate care for their children and argued that it was not in K.B.'s best interests to maintain the final order.

The family division held a hearing on defendant's motion on February 28 and took testimony from both parties. It issued a written order indicating that it made findings on the record and, on that basis, determined that the final order "resulted from defendant's tactical decision, regrettable in hindsight, not to attend the final hearing." The court concluded that this was not excusable neglect and therefore denied the motion. This appeal followed.

On appeal, defendant—now self-represented—again alleges that the police officer told him he need not attend the hearing and argues that he was "thinking [plaintiff] was just denied the first RFA, and . . . ha[d] been trying for the last 4 years to get the kids by telling lies and making up things." He also asserts that plaintiff's allegations were false and describes the evidence he would have presented had he attended the February 14 hearing.

We first note that this Court's review is confined to the record below and, on appeal, we cannot consider facts outside that record. Hoover v. Hoover, 171 Vt. 256, 258 (2000); see V.R.A.P. 10(a) (providing that record on appeal consists of items filed in superior court, transcript of proceedings, and record of actions from superior court). Because the factual assertions in defendant's brief are not reflected in the trial court record, we cannot consider them here. See Hoover, 171 Vt. at 258 (declining to consider factual assertions not part of trial court record). Further, to the extent defendant challenges the family division's finding that he made a tactical decision not to attend the final hearing, he waived this argument by failing to order a transcript. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); In re S.B.L., 150 Vt. 294, 307 (1988) (explaining that where appellant fails to order transcript this Court assumes that evidence supports trial court's findings). As a result, the only issue presented in this appeal is whether the trial court erred in concluding that a tactical decision did not

constitute excusable neglect.

A motion to reopen a final judgment on grounds of excusable neglect "is committed to the sound discretion of the [trial] court and will stand on review unless the record indicates that such discretion was abused." Lyddy v. Lyddy, 173 Vt. 493, 497 (mem.). This case is similar to Lyddy, a divorce action in which the mother was awarded sole parental rights and responsibilities after the father failed to appear at the final hearing. The family division denied father's motion to reopen, finding that he made a deliberate decision not to attend. We affirmed, concluding under those circumstances, the family court did not abuse its discretion when it declined "to provide father with a second opportunity to present the evidence he would have presented at the trial." Id. ("The reasons for father's failure to appear were not the product of . . . excusable neglect."). Just so here. As the trial court explained, while the rules allow for relief from judgment for reasons of excusable neglect, they do not "protect a party from tactical decisions which in retrospect may seem ill advised." Okemo Mountain, Inc. v. Okemo Trailside Condos., Inc., 139 Vt. 433, 436 (1981). The court found that defendant made a tactical decision not to attend the final hearing. It did not err in determining that this did not constitute excusable neglect and therefore denying defendant's motion to reopen.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

3