Filed 10/04/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-00261

| Cris O'Donnell et al v. Hope Clough et al |
|---|

# ENTRY REGARDING MOTION

Title:        Motion to Continue  (Motion: 16)
Filer:        Hope A. Clough; Michelle Clough
Filed Date:   October 02, 2024

The motion is DENIED.

The Clough Defendants have filed their third motion seeking to either continue the present bench trial scheduled for October 7, 2024 or to stay it indefinitely.  Their present motion raises, for the first time, the representation that Hope Clough has scheduled a doctor's appointment for herself in New York City and cannot attend the trial.[1]  The Parties to this case have had sufficient notice of this trial date, and the Court has expressed in its prior Orders that it is the proper time for this matter, which is now three years old to move forward.

As a preliminary matter, Defendants' motion does not comply with the standards for a motion to continue under V.R.C.P. 40(d), which requires that "Motions for continuance shall be accompanied by an affidavit, or a certificate of a party's attorney subject to the obligations of Rule 11, stating the reason therefor and the time when such reason was first known."  V.R.C.P. 40(d)(1). As noted in footnote 1, Defendants' motion lacked both the affidavit and critical information.  Such information is necessary for the Court to review and make a determination, particularly at this late date as to the reasonableness and good cause basis for the request.  See *Thorburn v. Town of Norwich*, 141 Vt. 242, 244 (1982) (affirming denial of continuance for failure to comply with the Rule). Therefore, this motion is not properly before the Court and is **denied** on the grounds that it fails to

---

[1] The motion provides no proof of this appointment or any information for the Court to consider apart from Hope and Michelle Cloughs' representations that there is (1) an appointment (2) with a medical doctor (3) for an undisclosed purpose (4) in New York City.  It does not even provide the dates or location of this appointment.

state the necessary basis for the Court to even review the issue under the parameters and standards of Rule 40.

Setting this issue of compliance aside,[2] the Court also finds several compelling reasons to deny the motion. A motion to continue lies within the discretion of the trial judge. *Kokoletsos v. Frank Babcock & Son*, 149 Vt. 33, 35 (1987).

In this case, there are multiple compelling reasons to bring this matter forward as scheduled on October 7th.

First, there is the age of the case. As one of the older civil cases, the Court is obligated in the interests of justice and in compliance with the expectations for timely adjudication to put this case forward and move it toward resolution.

Second, Plaintiffs have retained counsel who has filed extensive exhibits and has likely charged his clients for trial preparation. These costs would be lost or increased by a delay.

Third, there are several ancillary cases to this case, including a criminal prosecution and a stalking matter that demonstrate that this is an active and on-going dispute and that resolution of the boundary dispute in the present case is an important step to prevent further issues between the parties.

Fourth, the Court's time is limited. It has allocated the civil trial dates in this matter. If they are cancelled at this late date, the Court will lose this time and will not be able to schedule other matters or use this time to the benefit of the caseload, which would still require this case to be heard. As the Vermont Supreme Court in *Thorburn* notes, "A reading of the full text of V.R.C.P. 40 reflects the concern that courts must have for the orderly use of court facilities, provided at great expense to the taxpayer for the use of litigants." 141 Vt. at 244.

Fifth, Defendants have not explained the circumstances of the present motion, why it was not raised in prior motions or why they waited until the last business day before trial to raise the issue. They have also not given the Plaintiffs reasonable time to inquire or respond or for the Court

---

[2] The Court engages in this additional analysis under *Zorn v. Smith*, 2011 VT 10, ¶ 22, which notes that while a self-represented party is bound by the rules of civil procedure, the Courts should look to apply them with some flexibility.

to consider alternatives, which means that there is no time or ability to delve into the substance of the request or consider it in a meaningful way beyond the surface of the motion.

The Court recognizes that this denial may create some limited hardship for Defendants to have to re-schedule the doctor's appointment, but at this late date and with the information available to the Court, it finds no compelling basis to continue the bench trial in this long-standing matter. *Leiter v. Pfundston*, 150 Vt. 593, 594 (1988) (affirming trial court's denial of party's third motion for continuance based on health considerations where the motion was insufficiently briefed and other factors warranted the denial).

## **ORDER**

For the reasons stated above, Defendants' Motion to Continue is **DENIED.**

Electronically signed on 10/4/2024 1:21 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge