## Attilio Bonfanti v. Patrick Ayers

[365 A.2d 268]

No. 21-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed September 17, 1976

*Leighton C. Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Jean B. Baldwin* of the office of *Joseph C. Palmisano,* Barre, for Defendant.

**Billings, J.** Plaintiff filed a complaint in 1970 against defendant alleging that plaintiff had loaned defendant a total of $1,000.00, being an initial loan of $1,000.00; subsequently the complaint was amended alleging an additional loan of $550.00 and that said loans had not been repaid. Defendant denied the allegations, claiming that the $1,000.00 was an investment in a joint venture and that the $550.00 had never been furnished to defendant by plaintiff. Defendant also interposed the defense of the Statute of Frauds, 12 V.S.A. § 181(4). Trial by court resulted in a judgment for plaintiff in the amount of $1,550.00 plus interest. Defendant filed a motion to reopen, which was treated as a motion for new trial on the basis of newly discovered evidence, D.C.C.R. 60(b)(2); and defendant renewed the defense of the Statute of Frauds, which the court had previously struck from the pleadings on its own motion. D.C.C.R. 12(f). The court heard defendant in detail as to the newly discovered evidence, denied defendant's motion for a new trial, and entered final judgment. From this judgment, defendant now appeals.

12 V.S.A. § 181(4) provides that any agreement not to be performed within one year from the making thereof shall be in writing, signed by the party to be charged therewith or else it is unenforceable. In the case at bar, there were no writings, and the trial court found that the money was advanced as a loan and that plaintiff agreed to leave his money with defendant for a "long period of time." The trial court was unable to find from the evidence any specifics as to when the loan was to be repaid. The Statute of Frauds is not applicable here since the transaction was one which could have been performed prior to the expiration of one year, and the fact that the time of performance is uncertain or may extend beyond one year does not aid defendant, *Beattie* v. *Traynor,* 114 Vt. 495, 497, 49 A.2d 200 (1946); *Blanchard* v. *Weeks,* 34 Vt. 589 (1861). The trial court, pursuant to

D.C.C.R. 12(f), was within its authority to dismiss the Statute of Frauds on its own motion.

To warrant granting a new trial on the ground of newly discovered evidence, it must affirmatively appear that the evidence is such as will probably change the result if a new trial is granted; that the evidence has been discovered since trial; that evidence could not have been discovered before trial by exercising due diligence; and that the evidence is material to the issue and is not merely cumulative or impeaching. *State* v. *Jackson,* 126 Vt. 250, 227 A.2d 280 (1967); *State* v. *Ciocca,* 126 Vt. 184, 225 A.2d 65 (1967); *Dunbar* v. *Farnum & Wife,* 109 Vt. 313, 196 A. 237, 114 A.L.R. 996 (1938).

It is clear that cumulative or impeaching evidence or evidence tending to attack the credibility, veracity or motive of the plaintiff is not a basis for introduction of new evidence. *State* v. *Jackson, supra; State* v. *Manning,* 75 Vt. 185, 54 A. 181 (1903).

Discretionary rulings of this type are not subject to review in this Court unless it clearly and affirmatively appears that such discretion has been abused or withheld. *State* v. *Blair,* 118 Vt. 81, 92, 99 A.2d 677 (1953).

Defendant's motion is based on the claim that he discovered, subsequent to the time of trial, a deposit slip which had been in his possession for nearly nine years, although buried amongst the debris resulting from a fire in defendant's garage. The deposit slip was for $550.00, on the bottom of which was written, "59 Buick". Defendant claimed that this proved that plaintiff had not loaned defendant $550.00, as found by the trial court, but rather that defendant deposited the money which he received from another source. Plaintiff on trial did not testify that he made the deposit, but only stated that the money was given to defendant, which the trial court so found.

The evidence offered here and heard in detail before the trial court was merely cumulative, impeaching, and only attacked the credibility and veracity of plaintiff's testimony. *State* v. *Jackson, supra.* The trial court's determination that the evidence could have reasonably been discovered with due diligence prior to the day before hearing and that such evi-

dence would not reasonably assure a different result is without error.

*Judgment affirmed.*