**Isaac John v. Medical Center Hospital of Vermont, Inc., Associates in Radiology, Inc., and University Associates in Neurology**

[394 A.2d 1134]

No. 209-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 31, 1978

518

*Richard E. Davis* and *Brian J. Grearson* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*Michael B. Clapp* and *Spencer R. Knapp* of *Dinse, Allen & Erdmann*, Burlington, for Medical Center Hospital.

*William H. Quinn* of *Pierson, Affolter & Wadhams*, Burlington, for Associates in Radiology.

**Billings, J.** This is an appeal by the plaintiff-appellant from an order of the Washington Superior Court dismissing his complaint with prejudice. The ground was that the plaintiff has failed to provide the defendants with certain information sought through discovery, relating especially to plaintiff's proposed expert witnesses.

On December 8, 1975, the defendant Associates in Radiology, Inc. (Associates) and on January 22, 1976, the defendant Medical Center Hospital of Vermont, Inc. (Hospital), filed interrogatories and requests to produce. On March 15, 1976, both defendants sought an order to compel discovery pursuant to V.R.C.P. 37(a). Upon agreement of the parties, no hearing was held on this motion, and on August 11, 1976, the plaintiff filed partial responses to the interrogatories filed by Associates. Plaintiff, however, avoided response to defendant Associates' expert interrogatories by answering as follows:

> Plaintiff is in the process of obtaining the information sought by this interrogatory. It is assembling the pertinent medical literature inquired about. When said information is prepared and available, it will be provided to defendant's attorney. Plaintiff recognizes his obligation

under rule 26(e)(1)(B) to update the response to this interrogatory.

At no time here material did plaintiff respond to the interrogatories filed by defendant Hospital.

On March 1, 1977, Associates filed a second motion to compel, and as a result, the trial court ordered plaintiff to answer by April 1, 1977. On April 7, 1977, Associates filed a motion for sanctions, and on April 18, 1977, an unrecorded hearing was held. As a result, the trial court ordered plaintiff to provide the names of his experts within sixty days or suffer dismissal. Defendant Hospital did not file a second motion to compel nor a motion for sanctions. Plaintiff made no response to the court's order, and on June 27, 1977, the trial court, without making findings of fact, ordered the plaintiff's complaint dismissed with prejudice. The following day plaintiff answered the expert interrogatory by stating plaintiff would call Dr. Wallmann, who had already been deposed, Dr. Ring, an employee of defendant Associates, and "such other experts as the plaintiff may engage."

■ V.R.C.P. 37(b)(2) provides for sanctions of various degrees of severity. Their imposition is necessarily a matter of judicial discretion. Discretionary rulings are not subject to appellate review unless it is clearly shown that such discretion has been abused or withheld. *Bonfanti* v. *Ayers,* 134 Vt. 421, 365 A.2d 268 (1976). In the present case, however, the record does not reveal what factors guided the court's discretion in dismissing plaintiff's complaint. Because there were no findings of fact, we are unable to say that the court's exercise of discretion was consistent with a correct view of the law pertaining to sanctions under Rule 37(b)(2).

■ We hold that where the ultimate sanction of dismissal is invoked it is necessary that the trial court indicate by findings of fact that there has been bad faith or deliberate and willful disregard for the court's orders, and further, that the party seeking the sanction has been prejudiced thereby. The imposition of the dismissal sanction cannot be imposed merely as punishment for failure to comply with the court's order. As the Supreme Court noted in *Societe Internationale* v. *Rogers,* 357 U.S. 197 (1958), dismissal of an action because

520

of a genuine inability to comply with a pretrial production order raises due process issues under the Fifth (and in this case, the Fourteenth) Amendment to the United States Constitution. In the absence of a finding of gross indifference, bad faith, or willfulness, coupled with substantial prejudice to the adverse party, a less drastic sanction should be used.

In the recent case of *National Hockey League* v. *Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976), the Supreme Court recognized that the sanction of dismissal is sometimes warranted. In that case the Court upheld a district court's dismissal under Federal Rule 37. The district court had found that plaintiff's acts in that case in resisting discovery evidenced "flagrant bad faith" and "callous disregard of responsibilities counsel owe to the Court and to their opponents." The Court pointed out that the sanction served not only as a penalty, but as a deterrent as well, and warned reviewing courts against substituting their judgment for that of the trial court. *Id.* at 642. This may well be a case where dismissal should be upheld. We express no opinion as to the rightfulness of the trial court's exercise of discretion on this record. We merely require findings so that this Court can properly perform its function in reviewing the exercise of that discretion.

*Reversed and remanded.*