STATE OF VERMONT
Superior Court - Environmental Division

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Merchant & Anderson Site Plan Application,**      **Docket No. 205-10-09 Vtec**
    **(Appeal from Village of Waterbury Planning Commission determination)**

Title: Motion to Preclude Expert (Filing No. 6)

Filed: November 5, 2010

Filed By: Lauren S. Kolitch, Attorney for Applicants Amy Anderson and Michael Merchant

Response: None (the Court considered Appellant's Oct. 29th motion as a response.)


\_\_ Granted             _X_ Denied             \_\_ Other

       This appeal concerns a decision of the Waterbury Planning Commission to approve a revised site plan for a garage addition with a residential apartment that would expand Amy Anderson's and Michael Merchant's ("Applicants") building at 25 N. Main St. in Waterbury to a three-dwelling unit. The decision was timely appealed by an abutting neighbor, Valerie Zimmerman ("Neighbor"), and a merits hearing involving a de novo review of the revised site plan is set to begin December 7, 2010. Pending before the Court is Applicants' motion to exclude the testimony and other evidence to be offered through John Pitrowiski, whom Neighbor plans to call as an expert witness at trial.

       Applicants argue that Neighbor's expert should be precluded from offering evidence at trial, or, alternatively, that the scope of his testimony should be limited, because of allegedly late and incomplete disclosure of the expert's identification and testimony. Appellant does not contest Applicants' assertions that these disclosure delays occurred, although the Court record does not reveal any order directing disclosure by a date certain, contrary to the recollection of Applicant's counsel.[1] We conclude that, since granting Applicants' motion could operate as a severe sanction upon Neighbor, potentially depriving her of a meaningful opportunity to be heard at trial, and because of the lack of procedural foundation for the motion to exclude evidence, Applicants' motion must be **DENIED**.

       When this Court directs the parties to adhere to specific discovery deadlines, it often does so based upon an agreement between the parties. See V.R.E.C.P. 2(c). Many times, particularly when the parties do not specifically request that the Court issue a specific discovery schedule, the Court will simply set a date by which all discovery will be completed, or establish no deadline and rely upon the parties to complete any necessary discovery before trial begins. The record in this appeal does not reveal a request by either party to establish specific discovery deadlines

       Under V.R.C.P. 26(b)(4)(A)(i), a party can use interrogatories to seek the identification of an opposing party's expert witnesses and the substance to which each is expected to testify. The record in this appeal does not reveal that Applicant served such interrogatories upon Appellant.

---

[1] See Scheduling Order dated January 14, 2010 and docket entries for Court conferences on June 24 and August 9, 2010.

When a party fails to respond to an interrogatory, including one for expert disclosure, the party seeking discovery can request a court order compelling such discovery. See V.R.C.P. 37(a)(2). It is "[o]nly if there [has] been a failure to comply with a specific discovery order" that sanctions from the court then become an appropriate remedy. In re R.M., 150 Vt. 59, 63 (1988); see V.R.C.P. 37(b)(2); V.R.E.C.P. 2(c), 5(a)(2). Without a court order either establishing a discovery schedule or compelling discovery, there is no specific order for the court to enforce.

In short, no scheduling order concerning discovery was issued by the Court; instead, the parties worked out an agreement between themselves as to how discovery would proceed. Further, the record does not contain evidence that Applicants served Neighbor with interrogatories pertaining to expert witnesses, and no motion to compel discovery in regard to interrogatories was filed. Subsequently, there is no court order upon which to base sanctions.

Thus, we are presented with the question here of whether the Court should sanction a party who was not under a specific court order to make a disclosure, but who concedes that she, through her attorney, failed to comply with a voluntary deadline to disclose her expert and the contents of his trial testimony. We endorse voluntary agreements concerning the exchange of discovery, and we frown upon the failure to abide by them. But even if we were to conclude that this Court had the discretionary authority to sanction a party for delays in complying with voluntary disclosures, we understand that such sanctions, particularly those that would eviscerate a party's presentation of evidence, must be used sparingly.

In instances where a party fails to comply with specific discovery deadlines, and subsequent orders to comply, we are authorized to impose sanctions; however, we are cautioned against imposing a severe sanction unless there has been egregious non-compliance. See John v. Medical Center Hospital of Vermont, 136 Vt. 517, 519 (1978) (concluding that the "ultimate" sanction of dismissal requires not only a failure to comply with a court order but also findings of bad faith or deliberate, willful disregard for the court order in addition to prejudice to the moving party). We regard the rationales for being cautious in our use of sanctions as the desire to adjudicate litigation on its merits and to permit parties to present their substantive case. Here, we conclude that the exclusion of Neighbor's expert witness could operate as a severe sanction, and we find no allegations of bad behavior sufficient to warrant such a sanction.

Applicants further argue they are prejudiced by the late and incomplete disclosure from Neighbor, given that trial is now scheduled to begin in several weeks. We note, however, that disclosure was provided several weeks ago. While tardy, the weeks since disclosure and the weeks remaining to trial appear to provide adequate time for review and, if Applicant deems it necessary, depose Appellant's expert witness. Without a more specific impediment to completing their review and interrogation of Appellant's expert witness, we decline to bar his testimony at trial. For these reasons, we **DENY** Applicants' motion.

_____      ___November 18, 2010____
          Thomas S. Durkin, Judge                              Date

================================================================

Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
   Paul S. Gillies, Attorney for Appellant Valerie Zimmerman
   Lauren S. Kolitch, Attorney for Appellee/Applicants Amy Anderson and Michael Merchant
   Attorney David W. Rugh for Interested Person Village of Waterbury