## State of Vermont
## Superior Court—Environmental Division

==================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
==================================================================

**In re Lawrence Site Plan Approval**                    **Docket No. 166-10-10 Vtec**
**(Appeal from Town of Brattleboro Development Review Board decision)**

Title: Motion to Re-examine Role of Town and for Equal Justice (Filing No. 8)

Filed: May 9, 2011

Filed By: Appellant Susan Rockwell

___ Granted                 _X_ Denied                    ___ Other

Appellant Susan Rockwell's motion both asks that we re-examine the role of the Town of Brattleboro ("Town") and seeks "equal justice under law." In addition to requesting that the Town be dismissed from this proceeding, Ms. Rockwell makes a number of other requests in her motion. We understand her plea for "equal justice" to encompass all of these requests and address each in turn below.

Turning to Ms. Rockwell's first request regarding the Town's role, we re-affirm the ruling in our Entry Order of November 30, 2010: the Town is entitled to participate in this appeal as a party but not as an appellant. Any individual or entity who qualifies as an "interested person" under the definitions found in 24 V.S.A. § 4465(b)(2) can participate as a party in an appeal of a municipal panel decision. See 10 V.S.A. § 8504(n)(5). The definition of interested person includes "[t]he municipality that has a plan or a bylaw at issue in an appeal brought under this chapter or any municipality that adjoins that municipality." The Town of Brattleboro is clearly such a municipality.

Our procedural rules require individuals or entities who qualify as "interested persons," like the Town here, to file a notice of appearance with the court within 20 days of receiving another party's notice of appeal, if they wish to participate in that appeal.[1] V.R.E.C.P. 5(c). Filing a notice of appearance does not make the Town an appellant. In order to be an appellant, a party must participate in the proceeding below _and_ file a notice of appeal. V.R.E.C.P. 5(b); 24 V.S.A. § 4471(a).

Here, the Town entered an appearance 12 days after the Court received Ms. Rockell's notice of appeal; it did not enter its own notice of appeal. The record before us clearly evidences that the Town is qualified to participate in this appeal under the provisions of 10 V.S.A. § 8504(n)(5) and 24 V.S.A. § 4465(b)(2). As a participant, the Town's role includes the ability to file motions, respond to motions, and offer evidence at trial; the Town cannot, however, file its own Statement of Questions. To the extent that Ms. Rockwell's motion seeks dismissal of the Town in these proceedings, we **DENY** her motion.

---

[1] The statutory provision allowing such participation, 10 V.S.A. § 8504(n), uses the word "intervene," but we have more commonly used the word "participate." We also note here, for clarity's sake, that parties who fall within any of the other categories listed in 10 V.S.A. § 8504(n), not just those who are "interested persons" under the fifth category, can also participate in appeals of municipal panel decisions by following the procedures outlined in V.R.E.C.P. 5(c).

Turning to the remainder of Ms. Rockwell's motion, she is principally requesting that we issue sanctions against the Town in accordance with V.R.C.P 16.2 and 37(b). Both of these procedural rules give the Court discretion in determining whether to impose sanctions against a party and what sanctions to impose. V.R.C.P. 16.2, 37(b); see also, e.g., John v. Med. Ctr. Hosp. of Vt., 136 Vt. 517, 519 (1978) ("V.R.C.P. 37(b)(2) provides for sanctions of various degrees of severity. Their imposition is necessarily a matter of judicial discretion."). Ms. Rockwell argues here that the Town should be sanctioned because it engaged in behavior that is prejudicial toward her and that violated the Court's Scheduling Order of January 19, 2011.

The record before us does not convince us that sanctions should be issued against anyone in this appeal. The Town is entitled to take its own position on the issues Ms. Rockwell raises in her appeal. Although the Town is not an appellant, it is not a neutral party.[2] The Court also disagrees with Ms. Rockwell's conclusion that the Town has clearly disobeyed our Scheduling Order of January 19, 2011. Although the record before us does not provide an explanation for the Town's alleged non-response to Ms. Rockwell's suggestion for a mediator, we do not find the lack of a response rising to a level of non-compliance with our Scheduling Order that would warrant us sanctioning the Town.

We find the apparent absence of mediation here regrettable but believe, at this juncture, that the parties have collectively shown an unwillingness to go forward with formal mediation by the date stated in our Scheduling Order, that is, by March 18, 2011. We, therefore, understand the Court-ordered obligation to have expired. To the extent that Ms. Rockwell has worked diligently to move the other parties toward formal mediation discussions, we wish to praise her efforts. However, because we fail to find sanctions against the Town warranted here, we must **DENY** Ms. Rockwell's motion to the extent that she is seeking such sanctions.

The other requests that Ms. Rockwell makes in her motion are either not fully developed at this time (e.g., the request that we rule on the merits of the issues presented in her Statement of Questions) or not asking the Court to take a specific action. Consequently, to the extent that Ms. Rockwell's motion asks us to take any specific action, we **DENY** the motion. We now direct the parties to comply with the briefing schedule for this on-the-record appeal that we have provided in our accompanying Entry Order on Appellee Stephen Lawrence's motion to dismiss.

_____          _____July 27, 2011_____
        Thomas S. Durkin, Judge                                Date

==============================================================================

Date copies sent to: _____                       Clerk's Initials _____
Copies sent to:
  Appellant Susan Rockwell, Esq., Pro Se
  Jodi P. French, Attorney for Interested Person Town of Brattleboro
  Appellee Stephen Lawrence, Pro Se

---

[2] It is the undersigned, as the judicial officer in these proceedings, who is the neutral party.