Depoy et. al. v. The Trustees of the Gill Odd Fellows' Home of Vermont, No. 155-3-11 Wrcv (Teachout, J., Nov. 26, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 155-3-11 Wrcv** |

**TRICIA DEPOY and**
**NANCY GRATTAN,**

      **Plaintiffs,**

**v.**

**THE TRUSTEES OF THE GILL ODD**
**FELLOWS' HOME OF VERMONT,**

      **Defendant.**

### DECISION
### Motion to Dismiss Plaintiff Depay's Claim for Emotional Distress Damages As a Sanction for Refusal to Produce Medical Records, filed September 5, 2013
(Motion #13)

Defendant served Plaintiff Tricia Depoy ("Plaintiff Depoy") with interrogatories and requests to produce on July 5, 2011. After Plaintiff Depoy failed to answer, Defendant filed a motion to compel on September 27, 2011. Plaintiff Depoy then responded to Defendant's interrogatories and requests to produce, but refused to produce her medical, psychological, and psychiatric records (the "Medical Records"), claiming that they were privileged.

On September 5, 2013, Defendant moved to dismiss Plaintiff Depoy's claim for emotional distress damages, arguing that Plaintiff Depoy's failure to produce the Medical Records should preclude her from submitting any evidence regarding her emotional distress claim. Plaintiff Depoy objected to this motion on September 20, 2013, countering that Defendant never sought an order compelling production of the Medical Records and that, therefore, there is no basis for imposing any sanctions.

In its reply, filed October 2, 2013, Defendant asserted that Plaintiff Depoy's failure to produce the Medical Records after repeatedly promising to do so demonstrates that she acted in bad faith and that her conduct prevented Defendant from moving to compel the production of the Medical Records before discovery closed. In response to Defendant's reply, Plaintiff Depoy filed a Discovery Certificate certifying that her attorney had served Defendant with "Plaintiff Tricia Depoy's Medical Records from Barbara Dalton, MD, Bates Depoy P530."

In a supplemental memorandum in support of its motion to dismiss, filed October 2, 2013, Defendant asserted that the document produced as Depoy P530 is not the Medical Records, but rather a two-line letter from a doctor to Plaintiff Depoy, dated September 30, 2013. Defendant argued that this letter is not a substitute for the Medical Records and does not cure Plaintiff Depoy's failure to produce them during discovery.

On October 14, 2013, Plaintiff Depoy moved for leave to file a sur-reply to address allegations first raised in Defendant's reply. In this sur-reply, Plaintiff Depoy reasserted that she had not acted in bad faith and that Defendant was never precluded from filing a motion to compel the production of the Medical Records.[1]

ANALYSIS

The imposition of sanctions under V.R.C.P. 37 is "a matter of judicial discretion." *John v. Med. Ctr. Hosp. of Vermont, Inc.*, 136 Vt. 517, 519 (1978). A court should not impose the "ultimate sanction" of dismissal, however, unless a party acts with "gross indifference, bad faith, or willfulness, coupled with substantial prejudice to the adverse party." *Id.* at 519-20.

Here, Defendant requested the Medical Records in July 2011. Plaintiff Depoy initially refused to produce them because she claimed that they fell under the physician-patient privilege. Despite this argument, Plaintiff Depoy maintained a claim for emotional distress damages. It is well-settled that a party cannot "claim protection from exposure by asserting a privilege for communications to doctors, at the very same time when the patient is parading before the public the mental or physical condition as to which he consulted the doctor, by bringing an action for damages arising from… such condition." *Mattison v. Poulen*, 134 Vt. 158, 161 (1976). Indeed, by putting her emotional distress at issue in this action, Plaintiff Depoy made the Medical Records "relevant and not privileged." *Castle v. Sherburne Corp.*, 141 Vt. 157, 168 (1982).

The appropriate sanction for failing to produce the Medical Records, however, is not dismissal of Plaintiff Depoy's claim for emotional distress damages. *See In re F.E.F.*, 156 Vt. 503, 515 (1991) ("The use of a dismissal sanction is proper only if the court finds that the defendant would be prejudiced by anything less than dismissal.") Plaintiff Depoy may have other evidence that could support such a claim. Dismissal is therefore unnecessary. *See State v. Howe Cleaners, Inc.*, 2010 VT 70, ¶ 19, 188 Vt. 303 (noting that a sanction prohibiting a party from offering certain evidence at trial is not equivalent to the ultimate sanction of dismissal although it could be similar in effect).

However, a lesser sanction is appropriate. *See Agency of Natural Resources v. Glens Falls Ins. Co.*, 169 Vt. 426, 434 (1999) (finding sanctions proper where a party "had not been forthcoming in responding" to discovery requests). Plaintiff Depoy did not produce the Medical Records despite repeated promises to do so. There was no need for Defendant to file a motion to compel given that Plaintiff continually represented that she

---

[1] Plaintiff Depoy's motion for leave to file a sur-reply is granted. Therefore, the Court will consider the sur-reply Plaintiff filed on October 14, 2013.

would provide the records.  Under these circumstances, Plaintiff was under a continuing obligation to produce the records.  Since she did not do so in a timely manner, and Defendant would be prejudiced by an unduly late disclosure, the appropriate sanction is that she cannot introduce the Medical Records into evidence or otherwise use them at trial.

ORDER

Defendant's motion to dismiss is hereby *denied*.  However, as a sanction for failing to produce the Medical Records, Plaintiff Depoy will not be allowed to introduce the Medical Records into evidence or otherwise use them during trial.

Dated at Woodstock, Vermont, this ___ day of November, 2013.

_____
Honorable Mary Miles Teachout
Superior Court Judge