*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-409

MAY TERM, 2015

| | |
|---|---|
| Charles Chandler | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Civil Division |
| | } |
| Town of Newfane and Doris Knechtel, | } |
| Individually and as employee of Town of | } DOCKET NO. 270-6-13 Wmcv |
| Newfane | } |

Trial Judge: Mary M. Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Charles Chandler appeals pro se from the trial court's order granting summary judgment to defendants. We affirm.

Plaintiff filed a complaint against defendants in June 2013. He alleged that defendants "unfairly and unlawfully" denied him permits to repair buildings on his property and wrongly classified his property as "industrial." Plaintiff sought $1,000,000 in damages. In September 2013, plaintiff moved for summary judgment in his favor. The court denied the motion in January 2014, finding that plaintiff failed to comply with the requirements of Vermont Rule of Civil Procedure 56. The court also denied plaintiff's motion for sanctions, discussed in greater detail below. The parties subsequently filed cross-motions for summary judgment.

Following oral argument, the court issued an October 2014 decision on five pending motions, including the cross-motions for summary judgment. The court explained that plaintiff's claims arose primarily out of the land use permitting history of his real property and the way in which the town had assessed his property for tax purposes. Plaintiff sought money damages based on his claim that the town had engaged in unlawful acts and omissions, causing him damages. Plaintiff sought compensation for the loss of the use of and physical injury to his real and personal property, loss of income, and the effects of the allegedly incorrect assessment. Plaintiff raised no claims against Doris Knechtel, a town lister, in her individual capacity.

The court first addressed plaintiff's motion for sanctions. Plaintiff claimed that he had appeared on February 18, 2014 for a deposition scheduled by defendants' attorney, but the attorney was not present at the time and place scheduled. Plaintiff stated that he drove 255 miles to be at the deposition. He sought monetary compensation and the preclusion of further discovery as a sanction. The attorney asserted that he cancelled the deposition based on plaintiff's statement in a February 14th telephone call to the attorney's office manager that he, plaintiff, would not be attending the deposition because he was out of state and it was not possible for him to return. The court found that while plaintiff had notice by mail of the scheduled deposition, relayed to him by telephone through his son, he had not been served with a

subpoena. Plaintiff agreed that he called the office manager, but claimed to have said that he would be attending the deposition.

The court recognized that sanctions could be appropriate when a party knowingly failed to comply with a discovery obligation. In this case, however, there was a disagreement about what was said in a telephone conversation and it directly affected whether the deposition would be held or cancelled. The court concluded that a misunderstanding resulting from a disputed but undocumented communication was an insufficient basis to find a knowing failure to comply with a discovery obligation. The court therefore denied the motion for sanctions.

The court next considered plaintiff's motion for summary judgment, which it found did not comply with Rule 56. The court explained that all of the factual allegations in plaintiff's statement of undisputed facts began with "[t]he defendants admit," but there was no evidence or citations to any such admissions in the record. Plaintiff's failure to comply with the rules made it impossible for the court to determine which facts were material and undisputed. Plaintiff also supported his motion with his own affidavit. The court found that this two-page affidavit, which largely consisted of conclusory facts and conclusions of law, was insufficient for summary judgment purposes. See In re Shenandoah LLC, 2011 VT 68, ¶ 17, 190 Vt. 149 (finding it well-established that "ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary-judgment motion" (quotation omitted)). Thus, because plaintiff's motion was not supported in the manner contemplated by Rule 56, it did not provide support for a ruling in his favor as a matter of law.

The court thus turned to the Town's motion for summary judgment. At the outset, it found that plaintiff, in his complaint and elsewhere, had not articulated his legal claims with clarity. At oral argument, plaintiff indicated that he sought compensation from the Town on the basis of a legal claim for "unlawful acts and omissions." The general thrust of the allegations was that the Town manipulated the zoning permit process specifically to harm him, wrongfully obtained a cease-and-desist order from the Environmental Division of the Superior Court that caused physical damage to his real and personal property, incorrectly characterized his property as industrial for assessment purposes, and refused to allow him to record the deed in the Town's land records. The Town argued that none of these claims were cognizable in the Civil Division of the Superior Court or had any evidentiary support. The Town maintained that plaintiff's issues regarding permitting belonged in the Environmental Division, not in a case in the Civil Division, and that his claims about his taxes should have been addressed through statutory processes designed to address tax disputes.

The court reiterated that the murkiness of plaintiff's claims was exacerbated by his failure to comply with Rule 56, whether with regard to his own summary judgment motion or in opposition to the Town's motion. With respect to the latter, plaintiff generally asserted that the facts in the Town's statement of undisputed facts "are falsehoods at best and unlawful and criminal." He did not offer any further specificity. The court found that plaintiff's response did not comply with Rule 56(c)(1)(A), and it considered the Town's well-supported facts to be admitted for summary judgment purposes. The court further stated that plaintiff appeared to misunderstand that he had the burden of persuasion on his claims. He repeatedly objected that the Town had not presented evidence that refuted his claims. Under Rule 56, however, when the burden of persuasion is on the nonmoving party, the moving party could support its summary judgment motion (and satisfy its burden of production) by indicating an absence of record evidence in support of the claim. To survive summary judgment, the nonmoving party then must come forward with evidence of a triable issue. Clayton v. Unsworth, 2010 VT 84, ¶ 16, 188 Vt.

2

432. Merely saying that the Town had not disproven his claims neither helped to clarify the claims nor did it show that any of those claims might have evidentiary support.

Turning to the ascertainable claims, the court found that plaintiff had been involved in numerous zoning permit cases related to the real property at issue in this case, which resulted in many decisions from the Environmental Division and one from the Supreme Court. The court found it unnecessary to parse the details of those decisions. In general, the decisions reflected a great deal of confusion about whether plaintiff's evolving plans for the property at any given time were properly characterized as residential or commercial. The size of the property evidently foreclosed independent residential and commercial uses. Eventually, with the guidance provided by an Environmental Division judicial ruling, plaintiff applied for a residential use with a subsidiary home occupation (or home industry). The Environmental Division granted that application and issued a permit with conditions.

The court explained that as a general matter, the Civil Division of the Superior Court had no jurisdiction to review either a town's or the Environmental Division's zoning permit decisions. 4 V.S.A. §§ 31(1), 34. To the extent that plaintiff may have thought that the Town erred in its zoning decision, his exclusive remedy was an appeal to the Environmental Division. The Vermont Supreme Court has jurisdiction over appeals from the Environmental Division. Id. § 2(a). The correctness of any particular permit decision was not properly before the court in the instant case.

Otherwise, the court found no specific allegations that could support any inference of any tortious or other wrongful act by the Town in the course of the numerous zoning permit cases that might give rise to a claim within the Civil Division's jurisdiction. The court explained that landowners whose zoning application had been denied often felt that something unfair had happened. The remedy was to appeal to the Environmental Division and, if necessary, to the Supreme Court. Plaintiff had not shown a basis for a private cause of action in the Civil Division.

Plaintiff also complained that, at some point, the Town had wrongfully obtained a "cease and desist" order without a bond and that this resulted in damage to his real and personal property. The damage allegedly was caused by a flood. Apparently, plaintiff claimed that the cease-and-desist order prevented him from doing something to prevent the flood or to prevent the property damage caused by the flood. The court explained that the Environmental Division, in one zoning appeal, ordered plaintiff to stop construction on a foundation. This decision, however, reflected that plaintiff stipulated to the stay of construction. The court found that plaintiff's agreement to stop construction foreclosed his allegation that the order was wrongfully obtained by the Town in some manner. The Civil Division had no jurisdiction to review the order and to provide a remedy in any event.

The court next considered plaintiff's claims that the Town had improperly characterized his property as industrial for assessment purposes. Plaintiff's tax bills showed that he had been paying the nonresidential education rate. If plaintiff had a grievance with this appraisal or any action of the Town's listers in producing the grand list, he should have sought relief directly from them. See 32 V.S.A. § 4111(g). If still aggrieved, plaintiff could seek relief from the board of civil authority. Id. §§ 4404, 4407. If still aggrieved, he could further seek relief from the Division of Property Valuation and Review of the Department of Taxes or in the Civil Division of the Superior Court. Id. § 4461(a). There was no evidence that plaintiff grieved, but even so, the nature of his claim was one that would come to the Civil Division as an appeal under § 4461(a) and not as a private cause of action.

3

If plaintiff thought he was entitled to an abatement of his taxes, the court continued, he could petition the board of abatement. 24 V.S.A. § 1535. If still aggrieved, he then might seek Rule 75 review in the Civil Division of the Superior Court. See V.R.C.P. 75; see generally Garbitelli v. Town of Brookfield, 2011 VT 122, 191 Vt. 76. The court found no evidence that plaintiff ever petitioned the board of abatement and there was no Rule 75 claim in this case. If plaintiff's claim related to a homestead property tax income sensitivity adjustment, then his exclusive remedy was an appeal to the Commissioner of the Department of Taxes. 32 V.S.A. § 6072. Otherwise, the court found, there were no specific allegations that could support any inference of any tortious or other wrongful act committed by the Town that related to plaintiff's taxes and could be within the court's jurisdiction.

Plaintiff also asserted that the Town, at least for a time, expressly refused to accept for recording the deed by which he acquired the real property at issue. The deed was executed in 2006. The only receipt in the record for the corresponding transfer tax return indicated on its face that the Town received it for recording on April 24, 2013. Plaintiff asserted in a general way, without specific facts, that on some unspecified date(s) before April 24, 2013, he was not permitted to record the deed. The court found that the Town was entitled to summary judgment on this claim for two reasons. First, the claim lacked sufficient specificity, which was not provided in response to the Town's summary judgment motion, to support a claim of wrongful refusal to record a properly submitted deed. Additionally, even if it were true that the town clerk wrongfully refused to record a properly submitted deed, it could be the subject of a Rule 75 review of governmental action petition to the superior court, but the action would have had to have been filed within thirty days of the refusal. See V.R.C.P. 75(c). This case was filed on June 12, 2013, which was beyond the time limit.

Finally, the court found that plaintiff made a number of other allegations that seemed to be unrelated to the claims above or only tangentially related at best. Some of these included the following: (1) that agents of the Town hate him and make their official decisions with regard to him based on that hatred; (2) that agents of the Town adhere to different religious principles than he does and hate him for it; (3) that much of what agents of the Town do is unlawful, wrongful, and criminal; and (4) that agents of the Town admit that much of what they do is unlawful, wrongful, and criminal. The court found it unclear how these general allegations might have been intended to relate to plaintiff's legal claims, but it noted that the record lacked specific evidence of any of them. The court thus granted defendants' motion for summary judgment. This appeal followed.

Plaintiff first challenges the trial court's denial of his request for sanctions against defendants' attorney. He states that he was served with a subpoena and he reiterates his assertion that he was not informed that the deposition had been canceled.

The court has discretion in imposing discovery sanctions under V.R.C.P. 37(b)(2), and "[d]iscretionary rulings are not subject to appellate review unless it is clearly shown that such discretion has been abused or withheld." John v. Medical Ctr. Hosp., 136 Vt. 517, 519 (1978). Plaintiff fails to show any abuse of discretion here. As set forth above, the court denied plaintiff's request because there was a dispute over what had transpired in a telephone call about the deposition. It found the apparent misunderstanding an insufficient basis on which to impose sanctions. The court provided reasonable grounds for its decision and we find no error.

Plaintiff next asserts that his motion for summary judgment should have been granted because defendants did not dispute the motion or come forward with any conflicting evidence of a triable issue to defeat his motion. He points to the materials that he submitted with his motion,

such as his affidavit, pictures, court and tax documents, and a legally executed deed. He maintains that these materials clearly showed that he had suffered injury at the hands of defendants.

We reject these arguments for the same reason as the trial court, set forth above. Plaintiff's motion did not comply with the requirements of Rule 56. He did not file "a separate and concise statement of undisputed material facts or a separate and concise statement of disputed facts," and support these facts with "specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(1)(A). His affidavit contained conclusory facts and conclusions of law, which plainly were insufficient for summary judgment purposes. See In re Shenandoah LLC, 2011 VT 68, ¶ 17. Defendants were not obligated to dispute these "facts." Plaintiff failed to show that he was entitled to judgment as a matter of law, and the court did not err in denying his motion for summary judgment.

Plaintiff next argues that the court erred in finding that he had not brought his claims before the proper court. He notes that he is seeking money damages and maintains that he has a right to have his case heard. As the trial court explained, there is a process by which a party can challenge zoning and taxation decisions. The Civil Division had no jurisdiction over zoning permitting decisions. See 4 V.S.A. §§ 31(1), 34 (setting forth jurisdiction of Civil Division and Environmental Division). The fact that plaintiff would like to recover money damages does not create a cause of action cognizable in the Civil Division of the Superior Court; plaintiff failed to make any specific allegations that could support any inference of tortious or other wrongful act by the Town in the zoning cases that might give rise to a claim within the Civil Division's jurisdiction. Similarly, there was a grievance procedure to be followed with respect to any claim related to property taxes, and such claims could not be brought as a private cause of action absent any specific allegation or evidence that could support any inference of any tortious or other wrongful act committed by the Town.

Plaintiff next challenges the merits of an Environmental Division cease-and-desist order. He asserts that, contrary to the trial court's statement, he did not stipulate to the order in question. He argues that the Civil Division had jurisdiction to review this claim.

Even putting aside the question of whether plaintiff stipulated to this order or not, we agree with the trial court that this claim is properly brought in an appeal to the Supreme Court directly from the Environmental Division's ruling, and not as a private cause of action in the Civil Division.

Plaintiff next reiterates his claim that the town wrongfully refused to record his deed. He also appears to challenge the property tax levied by the Town. Plaintiff also suggests that the court erroneously found that he failed to exhaust his statutory remedies.

In making these arguments, plaintiff relies on the same conclusory arguments that the trial court found insufficient below. He makes no specific allegation as to a particular time he was wrongfully denied the ability to record his deed. The court did not state that plaintiff must exhaust his statutory remedies before filing this suit. Rather, it explained to plaintiff the proper way in which he needed to bring the challenges he advanced in this lawsuit. With respect to the deed-recording claim, the court stated that plaintiff could have brought a complaint under Rule 75. Plaintiff fails to show that the court erred in granting summary judgment to the Town on his recording claim.

We recognize that plaintiff appears to be trying to raise a claim under the Vermont Constitution, see Town Hwy. No. 20 v. Town of Georgia, 2012 VT 17, 191 Vt. 231, or the

5

federal Civil Rights Act, although he has not specifically identified the law that supports his claims for relief. He alleges generally that town officials have prevented his building plans, refused to record the deed to his property and misclassified his property to increase his tax bill, all out of personal hatred or because of his religion or political views. In its summary judgment filings, the Town has attempted to show that each action it has taken was motivated by compliance with the law. As we have stated above, we do not believe that general accusations of improper motive are sufficient to sustain a damages claim in the face of a summary judgment motion, especially where plaintiff had remedies to avoid injury but did not fully use them or did not prevail on each occasion when he did. Thus, we agree with the trial court that even if we consider plaintiff's two-page affidavit in response to defendants' summary judgment motion, it is inadequate. We acknowledge that if he had responded to defendants' summary judgment motion and supporting material with equivalent support for his accusations of improper motive, he may have been able to avoid summary judgment against him. On this record, however, his conclusory allegations of improper motive were insufficient.

Finally, plaintiff complains that the trial judge was biased against him. He baldly asserts that the trial judge engaged in ex parte communication with the attorney for defendants; allowed opposing counsel to harass him in open court and through the issuance of subpoenas; allowed defendants' attorney to testify; denied him the ability to engage in discovery; and dismissed his motions because he is a pro se litigant.

It appears that plaintiff moved to disqualify the trial judge below, and that the administrative judge denied his request. Plaintiff does not refer to this ruling. Instead, he cites to an "addendum" in his printed case in support of the allegations above. The documents offered to support his claims include an apparent cellphone call log, a transcribed page from a motions hearing in which the court states to an unidentified person that they may not speak during court proceedings, several pages from a filing in a case that is not before this Court, and a copy of the trial court's final judgment order. These documents provide no support whatsoever for plaintiff's claims of bias or improper conduct. We accord trial judges "a presumption of honesty and integrity." Luce v. Cushing, 2004 VT 117, ¶ 18, 177 Vt. 600 (mem.) (quotation omitted). Additionally, judicial "bias or prejudice must be clearly established by the record," and "contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias." Ball v. Melsur Corp., 161 Vt. 35, 45 (1993), abrogated on other grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, ___ Vt. ___. Plaintiff fails to show that the court acted improperly here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice