NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 114

No. 2018-063

| | |
|---|---|
| Sidmond C. Williams & Barbara B. Williams, Co-Trustees | Supreme Court |
| | |
| v. | On Appeal from Property Valuation and Review Division |
| | |
| Town of North Hero | September Term, 2018 |

Merle Van Gieson, Hearing Officer

Sidmond C. Williams and Barbara B. Williams, Pro Se, Venice, Florida, Plaintiffs-Appellees.

Paul S. Gillies and Michael J. Tarrant, II of Tarrant, Gillies & Richardson, LLP, Montpelier, for
  Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **EATON, J.**  The Town of North Hero appeals the Property Valuation and Review (PVR) Division hearing officer's decision to impose a $2000 discovery sanction against the Town in a property-tax-reappraisal appeal brought by the Williams Living Trust. The hearing officer imposed the sanction as a result of a claimed discovery violation by the Town concerning disclosure of an electronic Excel spreadsheet file requested by the Trust. We reverse.

¶ 2.     The background of this controversy is as follows. In 2013, the Town performed a reappraisal of property within the Town. The Trust disagreed with the reappraisal of its property and challenged it through the statutory appeals process, eventually leading to an appeal to the PVR Division. The Trust's appeal from the decision of the Town's board of civil authority was received

by the PVR Division on September 6, 2016.  In the notice of appeal, the Trust requested that the Town's listers provide the Trust with a specific Excel spreadsheet file in "native format" and "unprotected."  It is unclear when the Town first received notice of the request for the Excel file in that format, but a letter requesting the file's production was made directly to the Town on September 19, 2016.  The Town had provided the Excel spreadsheet in PDF format, not in the electronic format later requested, to the Trust in 2014.  The Trust sent additional email requests to the Town asking for the Excel file on October 3, 4, and 5, 2016.  The reason the Trust requested the Excel file three times in a seventy-two-hour period is also unclear.

¶ 3.     On October 4, 2016, the Town responded to the Trust's letter request and the first email request indicating that neither the Town, nor the appraisal company that assisted the Town in the reappraisal, had the spreadsheet file in the format requested.  The letter explained how the spreadsheet that had been produced worked.  The Trust then filed a motion to compel with the hearing officer on October 17, to which the Town responded on October 18 that it did not have the requested file and could not "produce what does not exist."

¶ 4.     On January 3, 2017, the PVR Division hearing officer issued a decision on the Trust's motion to compel ordering the Town to make one last effort to obtain a copy of the file requested and giving the Town ten days to comply.  In compliance with the hearing officer's order, the Town conducted another search and located the file.  On January 17, 2017, the Town produced a copy of the Excel spreadsheet file in the format requested to the Trust.  The Trust filed a motion on January 25, 2017, describing the Town's conduct concerning the file request as "blatant misconduct during discovery" and seeking monetary sanctions of $2500 and other sanctions as the hearing officer deemed proper for the Town's failure to produce the file earlier.

¶ 5.     A hearing on the motion for sanctions took place on June 22, 2017.  At the hearing, the Town's listers described their confusion over the Trust's request and their actions in attempting to satisfy the Trust's discovery request.  During the hearing, the Trust's representative accused the

2

Town of making false statements and material misrepresentations concerning the electronic file and stated that the Town's listers had lied "in an attempt to cover up even more egregious misconduct." The Trust made these accusations based upon metadata analysis, which it had conducted on the produced file, ostensibly demonstrating the time of creation of the file and its time when last opened. The Town did not contest that the file, in the format requested, was in the possession of the Town all along but asserted it had not been produced earlier due to confusion over what had been produced previously and what was being sought presently.

¶ 6. At the time of the hearing, the Trust had moved to withdraw its appeal concerning the reappraisal. However, the Director of the PVR Division did not honor the request, and the appeal remained pending. The merits hearing of the Trust's reappraisal appeal was scheduled to take place one year later, in June 2018. No evidence was produced demonstrating any prejudice to the Trust as a result of the timing of the production of the file in native format and unprotected.

¶ 7. The hearing officer issued a decision on the motion for sanctions on December 26, 2017, approximately six months after the hearing on the motion. The hearing officer did not find any prejudice to the Trust concerning the timing of the disclosure of the requested file. The hearing officer found the listers' responses from October 4 and 18 to the Trust's discovery request to be "false," whether intentionally made or not, and to constitute "unacceptable action by elected Town officials." He further found "[i]t would be a gross miscarriage of justice not to impose appropriate sanctions on the Town for proven wrongdoing of the Town['s] elected officials making false statements, intentional or not."

¶ 8. The hearing officer imposed a monetary sanction against the Town of $2000 for false statements made by Town officials and the "expenses, effort, and time" the Trust spent as a result of the Town's failure to produce the file until ordered to do so. No evidence was provided concerning how much time, effort, and expense was incurred by the Trust, and there is no way to determine how the hearing officer determined $2000 to be the appropriate sanction amount. In his

3

conclusions, the hearing officer indicated both that the monetary sanction was a penalty and that it was to compensate the Trust for the discovery delay. The hearing officer ordered that the payment be made to the Trust. This appeal followed.

¶ 9. The Town challenges the hearing officer's authority to issue a monetary sanction for discovery enforcement. Further, the Town asserts that, even if the hearing officer had the authority to impose such a sanction, it was an abuse of discretion for the hearing officer to do so here.

¶ 10. "While we presume the validity of certain agency actions, adjudicatory functions of an administrative body are reviewed with special vigilance." In re Houston, 2006 VT 59, ¶ 7, 180 Vt. 535, 904 A.2d 1174 (mem.) (quotation omitted). Generally, we will review the PVR Division hearing officer's findings of fact for clear error, while our review of the officer's legal conclusions is "nondeferential and plenary." Lathrop v. Town of Monkton, 2014 VT 9, ¶ 7, 195 Vt. 564, 91 A.3d 378 (outlining standard of review for property tax purposes when reviewing PVR Division state appraiser's tax assessment). However, "[d]iscovery rulings are within the broad discretion of the [officer], and discretionary rulings will not be disturbed by this Court absent a showing that discretion was abused or entirely withheld." Id. ¶ 9; see also John v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 517, 519, 394 A.2d 1134, 1135 (1978) ("Discretionary rulings are not subject to appellate review unless it is clearly shown that such discretion has been abused or withheld.").

¶ 11. Pursuant to its authority under 32 V.S.A. § 3411(3), the PVR Division adopted Rule 84-1, which is intended "to provide a simple, fair and orderly procedure for deciding property tax appeals" taken from the board of civil authority to the Director of PVR.[1] Property Valuation and

---

[1] A taxpayer or a town may, in the alternative, appeal to the superior court rather than to the Director. 32 V.S.A. § 4461(a) ("A taxpayer . . . of a town aggrieved by a decision of the board of civil authority under subchapter 1 of this chapter may appeal the decision of the board to either the Director or the Superior Court of the county in which the property is located.").

Review Division Rule 84-1, https://tax.vermont.gov/sites/tax/files/documents/rule84-1.pdf [https://perma.cc/ZR7H-JZAH]. Section 12 of Rule 84-1 provides that "[p]rior to the hearing the parties shall have reasonable rights to discover all documents and records that are relevant to the issues raised by the appeal." Id. § 12. The rule provides for the imposition of "appropriate sanctions" for enforcement purposes, including dismissal of the appeal. Id. The rule is otherwise silent on when and what sanctions may be appropriate.

¶ 12. We have recognized that an administrative body, such as the PVR Division, "has only such powers as are expressly conferred upon it by the Legislature." Houston, 2006 VT 59, ¶ 9 (quotation omitted). Just as was the case with the Agency of Human Services in Houston, we believe the PVR Division's power to conduct fair hearings would be meaningless without the incidental power to compel the parties to provide relevant evidence in the discovery process. The Town does not dispute the authority of the hearing officer to compel production but claims the hearing officer's power does not extend to the imposition of monetary sanctions for discovery abuses.

¶ 13. It is not necessary for us to decide whether a PVR Division hearing officer is ever empowered to impose a monetary sanction for compensatory or punitive purposes arising out of a discovery dispute.[2] It is clear from the wording of Rule 84-1, providing for "reasonable" discovery, that the discovery process in property appraisal appeals is intended to be informal. Rule 84-1 § 12. We do not envision that reasonable discovery exceeds the discovery mechanisms available in cases where the Rules of Civil Procedure are applicable, such as in appraisal appeals

---

[2] The sanction in this case appears to be primarily punitive (criminal contempt) in nature rather than coercive (civil contempt) or compensatory. Sheehan v. Ryea, 171 Vt. 511, 512, 757 A.2d 467, 468 (2000) (mem.). The hearing officer indicated the sanction was a penalty to serve justice, yet no evidence was submitted regarding the Trust's expenses in filing the sanction motion and compliance had already taken place. Because there was no basis to impose any type of monetary sanction, it is not necessary to consider the Town's arguments concerning any additional procedural protections necessary where a punitive sanction is sought.

using the parallel appeals process from the board of civil authority to the superior court pursuant to 32 V.S.A. § 4461(a).

¶ 14. Rule 37 of the Vermont Rules of Civil Procedure governs discovery and provides that a party may seek an order compelling discovery where another party has not complied with a discovery request. Where a motion compelling discovery is granted, Rule 37(a)(4) provides that a party may seek "reasonable expenses incurred in obtaining the order, including attorney's fees." These were not sought in this case. Where a party fails to comply with an order compelling discovery, Rule 37(b)(1) provides for a variety of potential sanctions, including contempt sanctions.

¶ 15. If the hearing officer would lack authority to impose monetary sanctions under Rule 37 of the more formal discovery process of the civil rules, it cannot be said that the authority to do so exists when discovery powers are not specified by rule and are limited to "appropriate sanctions," such as the case here. The rule does not permit sanctions when a party has complied with an order compelling discovery.

¶ 16. Here, the Trust sought sanctions against the Town after the Town had produced the requested discovery. There was no prejudice to the Trust as a result of any delay as the merits hearing on the appeal was not to be heard for many months at the time the requested file was produced. More importantly, this is not a case where a party was in violation of a discovery order. The Town had complied with the order compelling discovery by taking a last look, as the hearing officer ordered, and finding and producing the requested file as they were ordered to do. No one has suggested the Town did not comply with the order compelling discovery.

¶ 17. Whatever the limits of the hearing officer's authority over discovery may be, that authority clearly does not extend to imposing sanctions where there has been full compliance with the discovery order in issue. There would be no basis for such an order under Rule 37(b), and there was certainly no basis to impose either a compensatory, coercive, or punitive monetary

6

sanction against the Town under less formal discovery rules where the Town had complied with the discovery order.

¶ 18.   We leave for another day the question of whether Rule 84-1 allows for the imposition of monetary sanctions and, if so, under what circumstances, where there has not been compliance with an order compelling discovery.

¶ 19.   Where the Town had fully complied with the order compelling discovery, the imposition of a monetary sanction against the Town was an abuse of discretion.[3]

Reversed.

FOR THE COURT:

_____

Associate Justice

---

[3]   Because of our disposition of this case, we also need not consider the accuracy of the hearing officer's findings regarding the number of discovery requests made by the Trust, many of which occurred within a very short period of time, or the characterization of the Town's statements concerning the existence of the file as falsehoods.