*Rondeau v. State*, No. 494-9-18 Wncv (Tomasi, J., June 12, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 494-9-18 Wncv |

Michael Rondeau,
    Plaintiff

v.

State of Vermont,
    Defendant

### Opinion and Order on Motion to Dismiss

Defendant State of Vermont has moved to dismiss this action under Vt. R. Civ. P. 37 based on Plaintiff's continued failure to comply with the Court's discovery orders. Plaintiff has not opposed the motion. The Court makes the following determinations.

This is the State's second motion for dismissal due to alleged discovery violations. On March 20, 2020, following a hearing, the Court issued findings and conclusions regarding the first motion. It issued significant discovery sanctions against Plaintiff for his willful failure to comply with his discovery obligations and a 2019 Court Order compelling discovery responses. The Court declined to issue the ultimate sanction of dismissal and, instead, granted Plaintiff 30 days to submit discovery responses. Twice that length of time has now passed, and Plaintiff has not complied with pending discovery requests, with this Court's 2019 Order compelling those responses, or with this Court's March 20 Order.

The Court incorporates by reference the findings and conclusions set out in its March 20 Order. Based on those and the continued failure to comply with discovery obligations and Court Orders, the Court agrees that dismissal is warranted. The Court has already found that Plaintiff's conduct in connection with the failure to provide discovery has been the result of "gross indifference, bad faith, or willfulness." John v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 517, 519 (1978). The Court has also already found that Defendant has been prejudiced by the delayed responses, which were originally due almost a year ago. *Trevor v. Icon Legacy Custom Modular Homes, LLC*, 2019 VT 54, ¶¶ 61–63.

In addition, as Defendant rightly notes, "a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault" to support dismissal. *SynEcology Partners, L3C v. Bus. RunTime, Inc.*, 2016 VT 29, ¶ 19, 201 Vt. 424, 432 (internal quotation omitted). And, "the law presumes prejudice from unreasonable delay." *Id.* at ¶ 19, 201 Vt. at 432. While that prejudice can be rebutted, *id.*, in this instance, Defendant has failed to do so, either in regard to circumstances leading to the March 20 Order or now.

In its March 20 Order, the Court made clear the gravity of Plaintiff's past failures to meet his discovery obligations. It gave him one final opportunity to meet those demands along with a strict timeline. Despite that opportunity, he has failed to produce the ordered discovery, and the ongoing delay in this matter has resulted in prejudice to Defendant and untoward delay in the resolution of this case.

WHEREFORE, the case is dismissed with prejudice.

Dated this __ day of June, 2020, at Montpelier, Vermont.

_____
Timothy B. Tomasi
Superior Court Judge