VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     26-AP-065

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

Jeffrey Rivard\* v. Town of Brattleboro et al.   }   APPEALED FROM:
                                                 }
                                                 }   Superior Court, Windham Unit,
                                                 }   Civil Division
                                                 }   CASE NO. 24-CV-04975
                                                     Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the civil division's orders denying his motion for relief from judgment, his request for the court to take judicial notice of certain facts, and his motion to amend his complaint. We affirm.

In December 2024, plaintiff filed a complaint against the Town of Brattleboro and various state and municipal employees alleging claims related to two trespass orders issued by Brattleboro police officers. The first order barred plaintiff from the premises of the school his child attended; the second prohibited him from going onto the property of the Brattleboro Police Department. The trespass orders stated that recipients could appeal an order of trespass by calling the town manager within fourteen days and provided a phone number for this purpose. Plaintiff alleged that he called the number and advised that he wanted to appeal but the town manager did not respond. Plaintiff alleged that the Town and its town manager violated his due-process rights under the Fourteenth Amendment to the U.S. Constitution by not responding to his appeals of the trespass orders.

The trial court granted defendants' motion to dismiss the complaint, concluding that plaintiff failed to state a claim for which relief could be granted. Relevant to the school trespass order, the court reasoned that the order stated the appeal process was for public property only, and there was no appeal process for trespass notices issued for private property. Because the school trespass order indicated that the school was private property, it was not subject to review by the Town.

We affirmed the trial court decision in November 2025. Rivard v. Town of Brattleboro, No. 25-AP-282, 2025 WL 3124895, at \*3 (Nov. 7, 2025) (unpub. mem.), https://www.vtcourts.gov/sites/default/files/documents/eo25-282.pdf. Because plaintiff did not

challenge the dismissal of his claim about the school trespass order in his principal brief, we did not address that claim. Id.

In January 2026, plaintiff moved for relief from judgment under Vermont Rule of Civil Procedure 60(b). He asserted he had newly discovered evidence showing that the officer who issued the trespass order knew the school was public property, but falsely marked it as private property on the order, and that this information was not previously available to plaintiff. He further argued that when he was detained for violating the order, he was told he was being held for a felony when in fact it was a misdemeanor, which constituted misrepresentation under Rule 60(b)(3). He also asserted that the trial court erred in stating that he made no allegations against certain other defendants and that this mistake warranted relief under Rule 60(b)(1). Separately, plaintiff moved for the court to take judicial notice of various facts, including that the school was public property. He also moved for permission to file a second amended complaint.

The court denied plaintiff's Rule 60 motion because he did not explain how the "newly discovered evidence" could not have been obtained by him previously and the motion raised new arguments that he could have brought earlier. The court denied the motion to take judicial notice as moot. Finally, the court denied plaintiff's motion to amend his complaint, citing N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶ 39, 184 Vt. 303.

Plaintiff argues that the trial court erred in denying his Rule 60 motion because his child's school is a public school and therefore it was error for the court to conclude that he had no right to appeal the trespass order to the town manager. "The decision on a Rule 60(b) motion is committed to the sound discretion of the trial court and will stand on review unless the record clearly and affirmatively indicates that such discretion was withheld or otherwise abused." Bingham v. Tenney, 154 Vt. 96, 99 (1990).

Rule 60(b) permits the trial court to grant relief from judgment on six enumerated grounds. On appeal, plaintiff argues that he was entitled to relief under Rule 60(b)(1), which permits the court to vacate a judgment when there has been "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(3), which permits relief for fraud, misrepresentation, or other misconduct of an adverse party. He contends that the trial court committed a mistake when it referred to the school as private property and it therefore should have granted his request for relief from judgment. See Kemp v. United States, 596 U.S. 528, 534 (2022) (holding under equivalent federal rule that "Rule 60(b)(1) covers all mistakes of law made by a judge"). He also appears to contend that labeling the school as private property constituted misrepresentation that prevented full and fair litigation.

The court acted within its discretion in denying plaintiff's motion. As the trial court explained in the July 2025 decision, the trespass order, which plaintiff attached to his opposition to defendants' motion to dismiss, indicated that the school was private property. The court properly considered this document because it was attached to plaintiff's pleadings. See Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 (mem.) (explaining that trial court could properly rely on document attached to complaint because "when the complaint relies upon a document, [it] merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss" (quotation omitted) (alteration omitted)). In his pleadings, plaintiff did not allege or provide any evidence indicating that the school was in fact public property. Because the "mistake" was introduced into the record by plaintiff, it was not a judicial mistake requiring relief under Rule 60(b)(1) as plaintiff claims. See Okemo Mountain, Inc. v. Okemo Trailside Condos., Inc., 139 Vt. 433, 436 (1981) ("While V.R.C.P. 60(b)(1) permits relief from

judgment for reasons of mistake or inadvertence, it does not operate to protect a party from tactical decisions which in retrospect may seem ill advised."). Plaintiff also failed to demonstrate that he was entitled to relief on the grounds of newly discovered evidence because he did not explain why he failed to correct the alleged error earlier. See V.R.C.P. 60(b)(2) (permitting relief based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"). Nor did he demonstrate that he was unable to correct the error as a result of fraudulent behavior by defendants. V.R.C.P. 60(b)(3). Under these circumstances, the trial court did not abuse its discretion in denying plaintiff's motion to vacate the judgment or his motion to take judicial notice of various facts.

We also reject plaintiff's contention that the court erred in denying his request for leave to amend his complaint. Once a final judgment has been entered, a plaintiff no longer has a right to amend under Vermont Rule of Civil Procedure 15. N. Sec. Ins. Co., 2008 VT 96, ¶ 39. To the extent plaintiff challenges the court's findings in that order that he had engaged in vexatious litigation, his argument is inadequately briefed and we therefore see no basis to disturb the court's decision below. See State v. Brillon, 2010 VT 25, ¶¶ 5-7, 187 Vt. 444 (explaining that Court will not address "inadequately briefed" claims). We have reviewed all of plaintiff's remaining arguments in his briefing and conclude that they lack merit.

Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice

3